Hart, J.,
 

 dissenting. The majority opinion holds that the injuries to claimant did not arise out of or m the course of his employment. It seems to me that his injuries unquestionably arose in the course of his employment.
 

 Rules of common-law liability, originally applicable to the relationship of employer and employee, do not obtain in modern workmen’s compensation law. The latter abrogates common-law defenses and imposes liability without fault.
 
 Cudahy Packing Co. of Nebraska
 
 v.
 
 Parramore,
 
 263 U. S., 418, 422, 68 L. Ed., 366, 369, 44 S. Ct., 153, 30 A. L. R., 532. In the case last cited the court said:
 

 “The modern development and growth of industry, with the consequent changes in the relations of employer and employee, have been so profound in character and degree as to take away, in large measure, the applicability of the doctrines upon which rest the common-law liability of the master for personal injuries to a servant, leaving of necessity a field of debatable ground where a good deal must be conceded in favor of forms of legislation, calculated to establish new bases of liability more in harmony with these (Changed conditions. Workmen’s compensation legislation rests upon the idea of ■ status, not upon that of implied contractthat is, upon the conception that the injured workman is entitled to compensation for an.
 
 *463
 
 injury sustained in the service of an industry to whose operations he contributes his work as the owner contributes his capital — the one for the sake of the wages and the other for the sake of the profits. The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured. And this is not to impose liability upon one person for an injury sustained by another with which the former has no connection; but it is to say that it is enough if there be a causal connection between the injury and the business in which he employs the latter — a connection substantially contributory though it need not be the sole or proximate 'cause. ”
 

 Here, the claimant assumed without direction or authority the performance of work for which he had not been specifically employed. Neither had he been forbidden to operate the machine. At the time of the accident, he was employed in the metalware department to haul away metal rings pressed out by a machine and in so doing became familiar with its operation. In the temporary absence of the operator of the machine, claimant put it in operation and had pressed out 30 or 35 rings before he suffered the mishap for which he seeks compensation. At the ‘ time of his injury he was volunteering service for the benefit of his employer.
 

 The courts have held that an employee injured while voluntarily helping a fellow worker, if the work was reasonably related to his service and performed in good faith in furtherance of his master’s business, though not strictly within his line of duty, is entitled to compensation for an injury arising out of the employment.
 
 Houser
 
 v.
 
 Young,
 
 247 Ala., 562, 25 So. (2d), 421;
 
 Lockheed Aircraft Corp.
 
 v.
 
 Industrial Acc.
 
 Com
 
 *464
 

 mission,
 
 28 Cal. (2d), 756, 172 P. (2d), 1;
 
 Wegimont
 
 v.
 
 Argonne Worsted Co.,
 
 69 R. I., 360, 33 A. (2d), 215.
 

 In the case last cited, an employee employed to paint and work on storm windows, in passing a yarn-cutting machine, without authority or request but not forbidden, undertook to help the operator of the machine to untangle a tangled bunch of yarn caught in the machine. While the employee was thus near the knives of the machine, it suddenly started severely mangling the fingers of the volunteer employee. The question was raised whether the employee was injured in the performance of work which was entirely apart from and beyond the scope of his employment and whether the work was undertaken without order or request, and whether the employee was a mere volunteer and officious intermeddler who was not protected by the compensation act of Rhode Island. The court stated that the question before it was “whether the work in question was so entirely apart from the scope of petitioner’s employment that he must be considered a mere volunteer or officious intermeddler. It is true, according to the evidence, that petitioner had not performed this type of work previously to the knowledge or with the acquiescence of his employer or of anybody in authority; that he was not directed or expressly requested by anybody to render such assistance; and that it was not a part of his work to operate any cutting machine or to repair or fix machines that were broken or out of order.”
 

 The court in conclusion said:
 

 ■ “It also appears that the petitioner was not a malicious intermeddler or skylarker; that he was not drunk or in any way serving his own convenience or interest by performing this act; and that his act, though helpful to the operator, was nevertheless, in effect, performed in the interest of respondent. There
 
 *465
 
 is evidence that it was performed to get the machine running, that is, to start production. From this and from the testimony of the assistant superintendent, it is reasonable to infer that petitioner’s act was calculated to accelerate the resumption of production and thereby was performed in the interest of the respondent.
 

 “Under all these circumstances, we think that the evidence here does not require the conclusion, as respondent contends, that the petitioner when injured was a mere volunteer or officious intermeddler. Upon our view there was some evidence to show that the petitioner was injured while performing work that came reasonably within the scope of the general employment for which he was hired, although he previously had not performed that particular kind of service. If this be so, there was some competent evidence to support the trial justice’s finding and conclusion that petitioner was injured by an accident arising out of and in the course of his employment and therefore the decree may stand.”
 

 Earlier decisions held the term, “arising out of employment,” to be synonymous with the common-law conception of the term, “scope of employment,” but this position has been generally abandoned.
 
 Bethlehem Steel Co.
 
 v.
 
 Parker,
 
 64 F. Supp., 615, 617. Although those early cases followed the strict common-law theories to bar compensation claims, the modern theory is to permit an award where an instrumentality of the employer, or a risk incidental to the employment, combined with an act of curiosity or other reasonably natural act on the part of an employee produces the injury.
 

 “In applying the phrase ‘out of’ employment, the later cases emphasize the importance of the working and environmental conditions. In many cases the in
 
 *466
 
 juries are held compensable where the precise cause-of the accident is incidental thereto although not strictly relevant to the performance of any duty by the employee.”
 
 Bethlehem Steel Co.
 
 v.
 
 Parker, supra
 
 (woman employee while returning to work after obtaining a drink saw open dumb-waiter shaft and not knowing what it was placed her head in the opening- and was struck by a descending dumb-waiter);
 
 Franck
 
 v.
 
 Allen,
 
 270 App. Div., 960, 61 N. Y. Supp. (2d), 728 (employee found dynamite cap while sweeping floor, picked up nail, proded cap, resulting in explosion and’ injury);
 
 Bernier
 
 v.
 
 Greenville Mills, Inc.,
 
 93 N. H., 165, 37 A. (2d), 5 (employee put hand in fellow employee’s machine out of curiosity);
 
 Derby
 
 v.
 
 International Salt Co., Inc.,
 
 233 App. Div., 15, 251 N. Y. Supp., 531 (employee out of curiosity picked up little box on floor-containing dynamite cartridge which exploded);
 
 Dravo Corp.
 
 v.
 
 Strosnider,
 
 43 Del., 256, 45 A. (2d), 542 (employee voluntarily and without authority rode on side-of truck instead of walking and was hit by falling blower) ;
 
 Puttkammer
 
 v.
 
 Industrial Commission,
 
 371 Ill., 497, 21 N. E. (2d), 575 (coal truck driver picked up-child injured .in someone else’s collision and was struck and killed by a passing auto while carrying-child).
 

 In view of the recent holdings of many courts under - a great variety of circumstances as above indicated,, and in view of the liberality with which our compensation law should be construed in favor of injured workmen, 1 am of the opinion that the claimant’s injuries-are compensable.