WAINRIGHT & TWELVES vs. SANDERS.

1. A steamboat being in the possession of the sheriff under a writ of seizure was replevied, the stipulators entering into bond to pay the judgment which might be rendered on the libel, and the boat was delivered to them. They afterwards re-delivered her into the possession of the sheriff, and he returned the writ of seizure, (showing these facts in his return,) and also the bond given by the stipulators. Judgment was afterwards rendered in favor of the libellant, and a sale of the boat was decreed to pay the judgment out of the proceeds. It was held,

That the decree might be amended at the next subsequent term *nunc pro tunc*, by setting aside the order of sale, and rendering a decree upon the bond against the stipulators.

ERROR to the City Court of Mobile.
Tried before the Hon. Alex. McKinstry.

Pitman Sanders filed his libel in the City Court of Mobile, against the steamboat Arkansas, No. 5, upon which a writ of seizure was issued, and the boat taken into possession by the sheriff. Wainright and Twelves entered into bond, by which they stipulated to pay the judgment that should be rendered

on the libel, and the boat was delivered to them. After this they re-delivered the boat into the possession of the sheriff, and he returned the writ of seizure, showing that he had taken the boat into his custody, also that she had been replevied by Wainright and Twelves, and that they had re delivered her into his possession. He also returned the bond or stipulation, showing that they bound themselves to pay the judgment that should be rendered on the libel. Stewart George, the owner of the boat, interposed his claim, and by his answer controverted the justice of the libellant's demand; but at the August Term, 1850, of the City Court, a decree was rendered in favor of the libellant for one hundred and sixty-five $\frac{24}{100}$ dollars, besides costs of suit, and the boat was decreed to be sold according to law, and from the proceeds of sale the said sum was ordered to be paid.

On the third day of September, 1850, which was at the next term after the decree, ascertaining the amount of the libellant's demand, and ordering the boat to be sold, was rendered, the libellant, Pitman Sanders, moved the court to amend the decree that had been rendered, and to set aside the order of sale, and to render a decree upon the bond against the stipulators.

This motion was granted, and a decree *nunc pro tunc* rendered against the stipulators; to reverse which, a writ of error is prosecuted to this court.

HAMILTON for plaintiff in error:

1. The first exception is to the action of the court in compelling the party to appear to the motion, and to the court taking jurisdiction of the motion without regular notice of the same being given to the defendant. 2 Brown's Admiralty, 429; Benedict's Admiralty, 299. There is no evidence of Wainright ever having been notified at all.

Both of the defendants had good reason to consider themselves discharged, by reason of the condemnation of the boat, and the order for its sale made at the preceding term.

2. It.is objected, that the court had no power to render judgment on this motion, at the September Term, after a final decree in the cause at the August term. 3 Stew. Rep. 288, 296; 3 Ala. Rep. 668. The same rule obtains in Ad-

miralty Courts. Betts Admiralty, 100; Bee's Rep. 64; 10 Wheat. 441; 7 Cranch, 1; 3 Sumner, 495, 503. The decree at the August term was a final decree. 2 Ala. Rep. 171; 5 Peters' Rep. 675; Dunlap's Admy. Prac. 324–7; 13 Ala. Rep. 681; 6 Peters' Rep. 145; 3 Dallas, 401.

3. The motion in this case, though called a motion to amend the decree *nunc pro tunc*, is not in fact, a motion of that character; it is a motion for a new decree, and for a personal judgment, and not to modify the decree *in rem*, theretofore rendered. Under the decisions of this court, the motion should not have been sustained. 9 Porter's Rep. 252, 272, 193, 446, 163; 2 Ala. Rep. 164; 2 Stew. Rep. 470; 10 Ala. Rep. 375; 15 Ala. Rep. 202. Possibly the correct course of proceeding by the libellant, would be by libel of review. See Dunlap's Admry. pp. 324–7.

4. The judgment on the motion is erroneous. The proceedings are *in rem*. The boat had been seized by the sheriff, and had been restored to the possession of the master (Wainright;) and he again on the 7th July, before the first decree, had returned the boat to the custody of the sheriff. She was in the possession of the court at the time of the decree, and libellant had obtained an order of sale.

Bail can surrender their principal and release themselves. So in the admiralty, a stipulation is a mere substitute for the thing. Dunlap's Admiralty. Prac. 191; 12 Wheat. Rep. 10. And the stipulators having surrendered the boat to the sheriff, and he having accepted the surrender, the libellant must be content with the boat; he cannot have the thing and stipulation too. He has a perfect decree under the proceedings had at the August term, a condemnation and order of sale. He took the boat itself to satisfy his demand, and that ought to be held a waiver of the stipulation. That decree is valid and operative, and unappealed from. He cannot have two decrees. If the boat is not of value sufficient to answer all demands against it, it is his misfortune, but not the fault of the stipulators.

JEWETT, for defendant:

The bond or stipulation entered into in this cause, was such as to discharge the lien on the boat, and therefore no condem-

nation and decree of sale could be awarded. Richardson v. Cleveland, 5 Porter, 251; Witherspoon v. Wallis, 2 Ala. Rep. 667; Rouse, &c. v. Jayne, 14 Ala. Rep. 731; Williamson v. Brooks, 3 Ala. Rep. 33.

The only question the stipulators can inquire into is the decree against them. Livingston v. Tallapoosa, 9 P. 111; Witherspoon v. Wallis, 2 Ala. Rep. 667; 3 Stew. & P. 223; 1 Mason, 431; 3 Dallas, 188. As to the necessity of notice to the stipulators for judgment against them. See Dunlap's Adm. Prac. 182; 1 Gallison, 148; 1 Mason, 431.

DARGAN, C. J.—I do not consider it necessary to *combat the position*, that the decree rendered at the August term of the City Court was final. But admitting it to be so, I still think the court had the power to set aside the order of sale, and render a decree against the stipulators for the amount ascertained to be due to the libellant. When the boat was replevied by Wainright and Twelves, upon their giving bond to pay the judgment or decree that should be rendered, the lien on the boat was discharged. Clay's Dig. 139; Richardson et al. v. Cleaveland & Huggins, 5 Porter, 251. The bond given by Wainright and Twelves was a substitute for the boat, and the power of the court over the vessel itself was gone. Nor could the voluntary surrender of the boat back into the possession of the sheriff, discharge the stipulators from their bond, nor revive the lien that existed upon the boat before the stipulation was given. Indeed, I see no reason why the stipulators could not, on the next day after they had re-delivered the boat to the sheriff, have again demanded her of him; for their bond stood in lieu of the boat, and the libellant had no claim upon it. If this be so, if the boat was not in the custody of the law, and if no lien existed upon it, in favor of the libellant, in consequence of the stipulation that had been given, it follows, to my mind conclusively, that the court had no authority or jurisdiction to order a sale of the boat; and if it had not, that portion of the decree that directed the boat to be sold, is void; and being so, the correct decree might well have been rendered upon the bond at the next succeeding term, without impugning the general rule, that no court can alter its final judgments after the term at which they are

rendered. Suppose, for the sake of illustration, the decree at the August term had only ascertained the amount of the libellant's demand, without ordering the boat to be sold; then it would not be denied, but that judgment might be rendered against the stipulators *nunc pro tunc* at the September term, for the record would show what judgment should have been rendered; just in the same manner, as a verdict at common law would show the judgment that should be rendered, and warrant its rendition at a term subsequent to the finding of the verdict.

Now I think the legal effect of the decree is the same, as if the order of sale had not been inserted; for what is done without authority, or jurisdiction, is a nullity, and the court had no authority to make this order; consequently the decree could well be perfected at the next term.

But it is supposed that this view is inconsistent with the decision of this court in the case of Stewart George v. Skates & Co., decided at the last term, involving this very decree. But I am not able to see the slightest incongruity between the two cases. The record in the case decided at the last term showed, that after the sheriff made his return, other creditors of the boat, whose debts created a lien on it, intervened, and sought to condemn the boat to the payment of their debts. Stewart George, the claimant, made no objection on account of the jurisdiction of the court, but simply controverted the justice of their demands. After the decree of sale was made, it further appeared that the boat had been sold, and the proceeds of the sale were in the hands of the sheriff for distribution. Then, but not until then, did the claimant raise the objection to the jurisdiction, and this was done on a motion to have the money paid to him.

Under these facts we held, that it could not be said that the court was without jurisdiction, inasmuch as it had the actual possession of the boat, had ordered its sale, and had the money arising from the sale under its control. But it must be borne in mind, that the debts of the intervenors created a lien on the boat, and on the fund in court, which was produced by its sale. The only remaining duty left for the court in that case was to distribute the fund, and surely it did right in ordering its payment to those who were first entitled. But the record

before us shows no sale, nor any debt which constitutes a lien on the boat; but simply shows a decree ascertaining the amount of the libellant's demand, and the order of sale. This order of sale may be treated as a nullity, for the record shows no debt or demand that can be enforced as a lien upon the boat; and as it might be so treated, there can be no error in rendering the decree *nunc pro tunc* against the stipulators.

Let the judgment be affirmed.