176 So. 183

## ALABAMA BY–PRODUCTS CORPORATION v. WINTERS.

### 6 Div. 95.

Supreme Court of Alabama.

June 24, 1937.

Rehearing Denied Oct. 14, 1937.

Cabaniss. & Johnston and Jos. F. Johnston, all of Birmingham, for appellant.

Altman, Abele & Hawkins, of Birmingham, for appellee.

KNIGHT, Justice.

Petition of Alabama By-Products Corporation for certiorari to the circuit court of Jefferson county to review and revise the finding and judgment of that court in a proceeding by H. L. Winters against the petitioner, under the Workmen's Compensation Act (Code 1923, § 7534 et seq., as amended).

It is claimed that the workman lost the sight of his right eye entirely, and a substantial percentage of the vision of his left eye by an accident arising out of and in the course of his employment, as a mine worker in one of the defendant's mines.

In brief of petitioner—Alabama By-Products Corporation—it is stated: "The only question involved here is as to the proper amount of compensation due, as it is admitted that plaintiff received an injury which arose out of and in the course of his employment by petitioner."

It is earnestly insisted by petitioner that the trial court erred in awarding compensation for the loss of plaintiff's right eye, for

the reason that there is no evidence in the record which could justify a finding that the loss of that eye was the result of an accident arising out of and in the course of plaintiff's employment.

The court held that the plaintiff was entitled to compensation for the total loss of the right eye, and for the loss of approximately 23⅓ per cent. of the vision of the left eye; that plaintiff should be paid $9.54 per week for 120 weeks, said $9.54 being 65' per cent. of the employee's weekly earnings.

The plaintiff was also dissatisfied with this finding and judgment, and has joined in the petition for writ of certiorari to the circuit court, and here insists for error that for an injury causing permanent partial disability, due to the loss of one eye and the impairment of the vision of the other, compensation should be allowed under that part of paragraph (c), section 7551 of the Code, as amended by the General Acts of 1935, p. 832, § 2, which reads:

"In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five per cent. of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum as stated in sub-section (a). Compensation shall continue during disability, not, however, beyond three hundred weeks."

We have repeatedly held, in cases arising under the Workmen's Compensation Act, and which came before us for review on certiorari, that we will not look to the bill of exceptions to find the weight of testimony as to any fact found by the trial court, but simply to see if there is any evidence, or reasonable inferences, to support facts found by the court, and if on any reasonable view of the evidence it will support conclusion reached by trial court, the finding and judgment will not be disturbed.

■ We have with care read all the evidence in this case and are of the opinion that there was evidence before the court sustaining the findings of fact of the trial judge, and, therefore, under our uniform ruling, we will not disturb his conclusion on the evidence. Whether the finding of the court is sustained by the weight of the evidence is not a question to be determined, since we are of the opinion that there was legal evidence before the court tending to support the decree. Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Shaw, 210 Ala. 185, 97 So. 694. A discussion of the evidence would serve no useful purpose, and we refrain.

The decree or judgment of the trial court, in so far as it found that plaintiff sustained an injury, the result of an accident arising out of and in the course of his employment, and as a proximate result of which accident the plaintiff permanently lost the sight of his right eye, and permanently lost approximately 23½ per cent. of the vision of his left eye must be and is affirmed.

The injury so sustained by the plaintiff, the court found, has resulted in his permanent partial disability, and the only remaining question to be here determined is, Did the court, in awarding compensation, based upon its finding of fact, proceed under the applicable rule furnished by the statute for awarding compensation to plaintiff?

■ 'It is evident that the court allowed compensation at the rate of $9.54 for 100 weeks for the eye totally lost, and 20 weeks for the partial loss of the vision of the other eye. In this there was error.

The statute, section 7551, as amended by the Legislature of 1935 (Acts 1935, pp. 832, 835, § 2), provides (e) "The total and permanent loss of the sight of both eyes * * * shall constitute permanent total disability." For loss of one eye, compensation shall be paid for 100 weeks, at the rate fixed by statute, and based upon the average weekly earning of the employee.

It is true that the Legislature has fixed specific compensation, based upon average weekly earnings for certain specific injuries, and the amount so fixed is binding upon the courts. However, the Legislature has recognized that the injuries scheduled are not all that may befall an employee, and in recognition of this fact has made ample provision to take care of those injuries, which may produce permanent partial disability, and which are not specifically provided for.

The provision to which we allude reads:

"In all other cases of permanent partial disability not above enumerated [and plaintiff's case does not fall within any of the classes enumerated], the compensation shall be fifty-five per cent. of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn.

in his partially disabled condition subject to the same maximum as stated in sub-section (a). Compensation shall continue during disability, not, however, beyond three hundred weeks. [Parenthesis ours.]"

The precise question here presented, which involves the total loss of one eye, and a partial loss of the other has not heretofore been before this court. Nor does the act in question make any specific provision for such a situation, and the question must be determined by a consideration of the whole act, which bears upon the question.

■ This statute was, as heretofore many times pointed out, taken from the Minnesota statute, and the general rule is, that where the Legislature enacts a provision taken from the statute of another state, where the act has secured a settled construction, it is presumed that such provision should be understood and applied in accordance with that construction. 36 Cyc. 1154–1156; Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 571. Such a construction "is at least persuasive that our Legislature intended to adopt it as construed in the jurisdiction from which it was borrowed."

This court has applied this rule several times with reference to provisions of this act which have been construed by the Supreme Court of Minnesota. Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626; Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377.

There came before the Supreme Court of Minnesota the case of Zinken v. Melrose Granite Co., reported in 143 Minn. 397, 173 N.W. 857, where the facts were, as stated by the court:

"Zinken was a stone mason employed on July 20, 1915, by the granite company in laying the foundation walls of a building it was erecting. Mortar was brought to him by a fellow workman whose duty it was to deposit it on the mortar board. In doing so he carelessly splashed some of the mortar into Zinken's face and eyes, and the lime burned his right eye so badly that it became necessary to remove it, and also injured his left eye as hereafter stated. Several years before, Zinken's left eye had been struck with a hammer and quite seriously injured. It healed, but the pupil was elongated, there was some adhesion of the iris to the cornea, some scar tissue formed over the cornea, and the eye lacked the power of accommodation. In consequence of this injury, it had lost one-half of its normal power of vision."

In construing the statute of Minnesota, practically identical with ours, the Minnesota Supreme Court observed: "We are now asked to construe the statute to mean that a workman's eyes are to be valued separately—a good eye, in case of a man earning the wage of Zinken, at $1,100, and an eye which is only 50 per cent. efficient at $550. It would be both narrow and illiberal so to construe it, whereas we have consistently held that it is to be liberally construed in favor of workmen. Supp.Dun. Dig. § 5854b; State v. Nye, 136 Minn. 50, 161 N.W. 224. Zinken had one perfect and one imperfect eye. Mortar was thrown in both of them and both were burned. At the time when his eyes were thus injured, his eyesight, by reason of the previous injury to his left eye, was a fourth less than normal. His employer is required to compensate him only for the disability caused by the loss of three-fourths of his eyesight, without reference to the fact that he is now practically deprived of all power of sight, as a consequence of his previous injury combined with the injury for which his employer is responsible. * * *

"The precise question is this: On what basis is an injured workman's compensation to be determined, when his employer is required to compensate him for the loss of 75 per cent. of the normal power of vision?

"Such loss must of necessity be occasioned by an injury to both eyes which may not wholly destroy either of them, or may destroy one and reduce the sight of the other one-half. * * *

"On the theory of the petitioner, the basis would be compensation for 100 weeks for the lost eye and for 50 weeks for the other. But on the same theory, if one eye were destroyed and the other deprived of ninety-nine one-hundredths of its power of vision, compensation would be made for but 199 weeks, although the workman would be practically blind, and, as we have already pointed out, for the total loss of sight the statute provides for compensation for 400 weeks. In many cases the adoption of the theory advanced would lead to results which were manifestly not intended by the Legislature. * * *

"We conclude, therefore, that compensation in such a loss as we have here is not to be made on the basis suggested, but rather under that clause of the schedule

which governs in all cases of permanent partial disability not specifically enumerated in the schedule. Zinken is entitled to 50 per cent. of the difference between his wages when injured and the wages he is able to earn in his partially disabled condition, subject to a maximum of $11 per week for not more than 300 weeks." ·

The Supreme Court of Minnesota, in the case of Smith v. Kedney Warehouse Co., Inc., 197 Minn. 558, 267 N.W. 478, 269 N.W. 633, held that workmen's compensation for 33⅓ per cent. disability of both legs should not have been computed by doubling compensation allowable for partial disability of one leg, but compensation for such injury was governed by the section which provides for permanent partial disability not otherwise specifically provided for in Workmen's Compensation Act (Mason's Minn.St.1927, § 4274, subd. (c) (19, 41, 44). This provision of the Minnesota act is similar to our subsection (c) in section 7551 of the Code as amended.

The Supreme Court of Tennessee, in the case of Wilkinson v. Johnson City Shale Brick Corporation, 156 Tenn. 373, 299 S.W. 1056, 2 S.W.(2d) 89, placed a similar construction upon subsection (c) of the Tennessee Workmen's Compensation Act (Pub.Acts 1919, c. 123, § 28, as amended by Pub.Acts 1923, c. 84), which is almost identical with our subsection (c), as did the Supreme Court of Minnesota in the Zinken Case, supra.

The argument advanced by the Supreme Courts of Minnesota and Tennessee to sustain their conclusions seem to us to be sound, and we are content to follow their interpretation of the statute, and to apply it in this case.

It is our opinion and conclusion that the court erred in holding that the plaintiff was entitled to compensation for only 120 weeks. It is our opinion and conclusion that compensation in such a case as we have here is not to be made on the basis adopted and applied by the trial court, but rather under that clause of the schedule which governs in all cases of permanent partial disability not specifically enumerated in the schedule. The plaintiff is entitled to the percentage of difference between his average weekly earnings when injured and the average weekly earnings he is able to earn in his partially disabled condition, as prescribed by the statute in such cases. Compensation shall continue during disability, not however beyond 300 weeks.

It follows, therefore, that the judgment of the circuit court in holding that the plaintiff had received an injury proximately resulting in the loss of the sight of one eye and a loss of 23⅓ per cent. of the vision of the other eye, and which injury was caused to said employee by an accident arising out of and in the course of his employment by the defendant corporation, is affirmed, but the cause will be, and is reversed and remanded to the trial court, with directions to fix and allow compensation to plaintiff in accordance with the following provision of the Workmen's Compensation Act: "In all other cases of permanent partial disability not above enumerated, the compensation shall be fifty-five per cent. of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition subject to the same maximum as stated in sub-section (a). Compensation shall continue during disability, not, however, beyond three hundred weeks." In making the computation and allowance, sub-section (h), § 7551, of the amendatory act (Gen.Acts 1935, p. 832, § 2) must be given effect, and taken into consideration. Upon such inquiries, the court may hear further testimony from both parties.

Affirmed in part, and in part reversed and remanded with directions.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.