25 So.2d 421

**HOUSER v. YOUNG.**

8 Div. 337.

Supreme Court of Alabama.

March 28, 1946.

Proctor & Snodgrass, of Scottsboro, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

STAKELY, Justice.

Compensation is sought under the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq., for injuries suffered by C. H. Young, an employee in the sawmill of Claude L. Houser. Upon the conclusion of the evidence the court in awarding compensation found "as a matter of law, that the said plaintiff employee was injured in an accident arising out of and in the course of his employment." The question for decision is whether appellee was injured in an accident arising out of and in the course of his employment.

We will not weigh the evidence and if on any reasonable view of the evidence, the conclusion of the trial court is supported, then the finding and judgment of the trial court will not be disturbed. Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 3 So.2d 46; Malbis Bakery Co. v. Collins, 245 Ala. 84, 15 So.2d 705. But this does not mean that we will not review the legal conclusion of the court drawn from the evidence. Sloss-Sheffield Steel & Iron Co. v. Thomas, 220 Ala. 686, 127 So. 165.

The appellee was employed for the job of what is designated as "tailing the edger." The edger is a saw affixed to a table over which pieces of lumber, which have passed through the primary mill, are passed to reduce them to uniform size and to remove the rough edges. It is operated by two men. One man takes the rough pieces of lumber from the primary mill and feeds them to the edger and the other man takes away the finished lumber and the worthless pieces removed therefrom. The former is called the "feeder" and the latter is the "tailer."

Attached to the table is a moving chain or belt which when in operation carries away the sawdust. This chain or belt in the present case had come off the wheel or

sprocket which kept it moving. The edger operated in connection with the primary mill and if the edger had to stop, the primary mill would also stop. The chain or belt had to be kept in operation for if it stayed out of operation the edger would become clogged with sawdust and cease to operate.

A man named Hicks was employed by appellant as "the feeder", and it was his business to keep the edger in operation. Both he and appellee were trying to get the chain or belt back on the sprocket when Hicks threw it up and it caught appellee's glove. This carried appellee's hand into the edger saw and cut off all the fingers on one hand except the thumb. At the time of the injury appellee had left the side of the table where he usually performed his duties and had gone under the table for the purpose of getting the chain or belt back into operation. There was no rule of appellant prohibiting appellee from what he did.

In the case of Ex parte Terry et al., 211 Ala. 418, 100 So. 768, 769, this court said: "The effect of these and other well-considered cases is to firmly establish the principle, based of course upon the theory of a liberal rather than a strict or narrow construction, that an employé's injury may be properly held to have arisen out of his employment notwithstanding that the act or conduct of the employé to which the injury is proximately referable was not within the scope of his authority nor strictly within the line of his duty, provided it was reasonably related to the service he was employed to render and was in good faith done or undertaken in furtherance of the employer's business; and notwithstanding, also, that the injury in question was not one of the anticipated risks of the service."

We consider that appellee was engaged at the time of the accident in a matter reasonably related to the service he was employed to render and was in good faith undertaking to act in furtherance of his employer's business.

Appellant assigns as error a number of rulings by the court on rejection of evidence sought to be introduced by appellant. These rulings are not reviewable in a certiorari proceeding, since there is substantial evidence to support the conclusion of the court. Sloss-Sheffield Steel & Iron Co. v. House, 217 Ala. 422, 116 So. 167.

The injuries of appellee are compensable under the Workmen's Compensation Act. Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.