162 So.2d 453

**John A. HORTON**

v.

**William B. DeLOACH et al.**

**6 Div. 44.**

Supreme Court of Alabama.

March 19, 1964.

Walter B. Henley, Northport, for appellant.

Olin W. Zeanah and Jere L. Beasley, Tuscaloosa, for appellees.

GOODWYN, Justice.

This is a workmen's compensation case brought here by certiorari (Code 1940, Tit. 26, §§ 297, 304).

Petitioner, an employee of respondents, received an injury "caused by an accident arising out of and in the course of his employment" and brought suit to recover compensation therefor under the provisions of the Alabama Workmen's Compensation Act (Code 1940, Tit. 26, § 253 et seq., as amended). The respondents filed a plea in abatement alleging that they "were not

operating under the provisions of the Workmen's Compensation Law of the State of Alabama at the time of the accidental injury alleged in the plaintiff's complaint, they having elected not to operate within said law," and that they "did not employ as many as eight employees at the time of the accidental injury alleged in the plaintiff's complaint" so as to bring them within said law. See: §§ 262(d), 263, Tit. 26, Code 1940.

The trial court, after an oral hearing of the evidence on the issue presented by the plea in abatement, sustained the plea and abated the suit. Petitioner then instituted this certiorari proceeding for a review of that action.

■ It is undisputed that respondents regularly employed five employees. The disputed factual issue is whether four automobile salesmen, paid by respondents on a commission basis, also were "employees," within the meaning of that term as used in the Workmen's Compensation Law, so as to increase the number of respondents' employees to eight or more, thereby making them subject to the compensation law. As already noted, the trial court held they were not such "employees." And we find no basis for disturbing that holding.

Pursuant to Code 1940, Tit. 26, § 304, as amended by Act No. 350, appvd. Aug. 23, 1957, Acts 1957, Vol. I, p. 460, the trial court made the following factual findings:

"The court finds from the evidence that on the date the accident on which the plaintiff's suit is based occurred the defendants regularly employed five employees who consisted of a mechanic, two Negro wash boys, a body man, and a secretary; and that in addition to these employees, four other persons sold automobiles which belonged to the defendants and were paid only on the basis of a commission based on the price at which each salesman sold the automobile.

"The court finds that these four persons, who are hereinafter referred to as salesmen and were so designated in the testimony, received no salary or remuneration in any amount or form whatever from the defendants except the commission paid to them from the sales price of the individual automobile sold by each individual salesman.

"The court further finds that these salesmen had no regular working hours, no prescribed work rules, and no specified place where the sales of automobiles would be undertaken, and that the only control or right of control of these salesmen reserved by the defendants was that of permitting the salesmen to sell the cars of the defendants, and the court finds that on occasion some of these salesmen also bought and sold automobiles for other dealers during the same period in which they were selling the automobiles of the defendants.

"The court further finds that the defendants established a minimum price for which they would agree to sell an automobile, but the price at which the same would be sold was within the discretion of the salesman and he could ask and receive as much above that price as he was able to get. No other control of the sales price was reserved by the defendants except the minimum which was set in this manner. The commission received by the salesman was 6% of the sales price.

"The court further finds that the salesmen were free to contact any person considered by them to be a prospective buyer and could travel at any time to any part of Tuscaloosa County or outside the County for the purpose of contacting such prospect; that no vacation period was alloted to any salesman, but the salesman could each take the days or weeks off when and as he chose.

"The court further finds from the evidence that the defendants had no control or direction over the details of

the endeavors of the salesmen, the manner in which a sale was initiated or the manner, method, and performance of their services, but were concerned only with the results and not the details of their work.

"The court further finds from the evidence that the said salesmen on the occasion of the plaintiff's accident were not employees of the defendants within the meaning of the Workmen's Compensation Act of Alabama; and that this suit by the plaintiff as an employee against the defendants as his employer seeking benefits under the Workmen's Compensation Act cannot be maintained."

■ The rule of review applicable in workmen's compensation cases has been stated as follows:

" * * * This court will not look to the evidence to ascertain the weight or preponderance thereof as to any fact found by the trial court, but simply to see if there is any evidence, or reasonable inference from evidence, to support the facts found by the trial court. If, on any reasonable view of the evidence, it will support the conclusion reached by the trial court, the finding and judgment will not be disturbed. To state the rule another way:—Where there is any legal evidence, or reasonable inference from legal evidence, to support the finding of facts of the trial court, such finding is conclusive, and the judgment rendered thereon will not be disturbed. Baggett Transp. Co. v. Holderfield, 260 Ala. 56, 59, 68 So.2d 21; Bass v. Cowikee Mills, 259 Ala. 391, 393, 67 So.2d 12; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 678, 32 So.2d 666; Houser v. Young, 247 Ala. 562, 563, 25 So.2d 421; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 478, 3 So.2d 46; Alabama By-Products Corporation v. Winters, 234 Ala. 566, 568, 176 So. 183; Woodward Iron Co. v. Jones, 217 Ala. 361, 362, 116 So. 425; Benoit Coal Mining Co. v.

Moore, 215 Ala. 220, 222, 109 So. 878; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 598, 105 So. 648; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 221, 92 So. 458." Lucas v. Black Diamond Coal Mining Company, 262 Ala. 368, 371–372, 79 So.2d 26, 29.

The question to be resolved, then, is whether there is any evidence, or reasonable inference therefrom, supporting the trial court's finding that the salesmen were not employees of respondents. A consideration of the evidence clearly calls for an affirmative answer to this question.

While there is evidence which would support a finding that the salesmen were employees, there is also evidence supportive of a contrary finding, as made by the trial court. In this situation, there is no alternative but to affirm the judgment of the trial court.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.