290 So.2d 189

**In re Ocie BELL**

**v.**

**GENERAL AMERICAN TRANSPORTATION CORP.**

**Ex parte GENERAL AMERICAN TRANSPORTATION CORPORATION, a corporation.**

**SC 439.**

Supreme Court of Alabama.

Feb. 7, 1974.

Rehearing Denied March 7, 1974.

London, Yancey, Clark & Allen, Birmingham, for petitioner.

McMillan & Spratling, Birmingham, for respondent.

JONES, Justice.

On preliminary examination, the petition for the writ of certiorari to the Court of

Civil Appeals was granted. Upon further consideration, we hold that the writ was improvidently granted and is due to be quashed.

Writ quashed.

HEFLIN, C. J., and HARWOOD, BLOODWORTH, MADDOX, McCALL, and FAULKNER, JJ., concur.

MERRILL and COLEMAN, JJ., dissent.

COLEMAN, Justice (dissenting):

Certiorari was granted to review a decision of the Court of Civil Appeals reversing a judgment which denied recovery under the workmen's compensation laws. Title 26, § 253 et seq., 1958 Recompiled Code of Alabama 1940.

The statement of facts in the opinion of the Court of Civil Appeals, 52 Ala.App. 123, 290 So.2d 184 is as follows:

"From 1961 until October 31, 1969, the date of the accident, Ocie Bell, the appellant, hereinafter referred to as Bell, worked for General American Transportation Corporation, hereinafter referred to as employer, as a welder.

"The employer constructed gasoline storage tanks on job sites throughout the southeastern part of the United States. When the services of Bell were required the employer would contact Bell and inform him where he was to report to work.

"Prior to the accident in question the employer contacted Bell at his home in Jasper, Alabama, and informed him to report to a job site in North Carolina. As found by the trial court in its findings of fact, there existed an agreement that Bell was to be paid his expenses of travel on a mileage basis. This travel expense included travel allowance from his home in Jasper, Alabama, to the job site and return home to Jasper. This mileage expense was paid in this instance upon Bell leaving North Carolina.

"On Thursday, October 28, 1969, Bell completed his work at the North Carolina job site. Sometime prior to his departure he had been informed to report to another job site of employer located in Collins, Mississippi. He was to be in Collins, Mississippi, on November 3, 1969. The learned trial judge, in his findings of fact, correctly determined that under the agreement of the parties, Bell would have been paid his travel expense on a mileage basis from Jasper, Alabama, to Collins, Mississippi, and his return home to Jasper, Alabama. On October 31, 1969, while traveling from the North Carolina job in his own private vehicle to his home in Jasper by a direct route, he was involved in an automobile accident approximately twenty-five miles from Birmingham, Alabama. Bell was gravely injured, losing his right leg, the use of his left leg and was in a comatose condition for six weeks.

"The trial court further found that Bell was not required to use his automobile on the job site, nor was he instructed how or where to travel when he left the job, but was paid travel expense to his home on a mileage basis determined by the most direct route from a map. This determination of the most direct route was made by the employer.

"In addition to the above, there was evidence that there existed a contract between the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers, and Helpers and Employers, and the employer which provided in pertinent part as follows:

" '*Article* 16. Transportation

" 'It is the intention of the parties that employment of all men commences and ends at the job site. However, in recognition of travel costs incurred by the men

before commencement and after termination of their employment the following shall govern:

" (16a) When a national transient boilermaker is authorized to travel at the Contractor's expense from where he is to his next work or from the job from which he was laid off to the point from which he was hired or his home, whichever is less, he shall be allowed a transportation allowance for miles traveled at the rate of 10 cents per mile for the first 200 miles or less, 14 cents per mile for the next 300 miles or less, and 17 cents per mile for any distance over 500 miles. Transportation allowances may be determined in advance at the option of the Contractor with mileage over the most direct main traveled route as determined from the Rand McNally Atlas. Men paid on a straight time salary basis or men paid on a guaranteed basis of forty (40) hours will be paid 10 cents per mile regardless of the distance traveled.'

"From the above the trial court made the following conclusion of law:

" 'The main issue between the parties in this case is whether or not the injuries received by the plaintiff in said automobile accident arose out of and in the course of his employment by the defendant. If the plaintiff suffered injuries by an accident arising out of and in the course of his employment the plaintiff would be entitled to recover. On the other hand, if the plaintiff did not suffer injuries from an accident which arose out of and in the course of his employment by the defendant, the plaintiff would not be entitled to recover. The court concludes from the findings of fact herein that the accident in which the plaintiff was injured did not arise out of and in the course of his employment by the defendant. That the plaintiff was on his way home at Jasper, Alabama at the time of the accident and not in the employment of the Defendant.' "

If there is any legal evidence, or reasonable inference from legal evidence, to support the finding of facts of the trial court in a workmen's compensation case, such finding is conclusive, and the judgment rendered thereon will not be disturbed. Horton v. DeLoach, 276 Ala. 357, 162 So. 2d 453.

In defining the phrases "arising out of" and "in the course of," this court in Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756, quoted from Wooten v. Roden, 20 Ala. 606, 71 So.2d 802, as follows:

" 'The words "arising out of" involve the idea of causal relationship between the employment and the injury, while the term "in the course of" relates more particularly to the time, place and circumstances under which the injury occurred. The phrases are not synonymous; where both are used conjunctively a double condition has been imposed, and both terms must be satisfied in order to bring a case within the act. 58 Am.Jur. 717. Generally, an injury arises out of an employment only when there is a causal connection between the injury and the conditions under which the work is required to be performed.

" * * *

" ' "The injury contemplated by the act must have had its origin in some risk of employment. It must arise out of and in the course of the employment or be incident thereto. * * * A risk is incident to the employment when it belongs to or is connected with duties a workman has to perform under his contract of service." ' " (274 Ala. at 588, 150 So.2d at 759)

*Wooten,* supra, also stated:

"To justify recovery under the Workmen's Compensation Act, the rational mind must be able to trace the resultant personal injury to a proximate cause set in motion by the employment, and not by some other agency. Garrett v. Gadsden

Cooperage Co., 209 Ala. 223, 96 So. 188; Madden's Case, 222 Mass. 487, 111 N.E. 379, L.R.A.1916D, 1000." (260 Ala. at 611, 71 So.2d at 806)

As a general rule, accidents occurring while an employee is traveling to and from work are not considered arising out of and in the course of him employment. Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813. However, there are exceptions to this general rule. One applies when such transportation constitutes a part of the consideration paid to the employee for his services. Gilmore v. Rust Engineering Company, 289 Ala. 46, 265 So.2d 591. Such a payment has the effect of extending the employment to include travel time, and the risks involved in travel thereby become incident to the employment. In *Gilmore*, supra, the circuit court had sustained a demurrer to the complaint and the plaintiff took a nonsuit. The complaint showed that the employee was killed in a motor vehicle accident while he was returning home from work. The Court of Civil Appeals reversed and certiorari was granted by this court. Under an agreement between his union and his employer, he was to be paid $3.00 per day travel expenses. In quashing the writ of certiorari, this court quoted from Section 16.30 of Vol. 1 of Larson's Workmen's Compensation Law:

"'However, in the majority of cases involving a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee's control, the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service per-

formed . . . . The fact that . . . the provisions of transportation or transportation expenses is actually held out as an inducement to accept employment is a material factor supporting compensability. A fortiori, when acceptance of employment is conditional on the furnishing of transportation, the journey has become a part of the service contracted for.'" (289 Ala. at 51, 265 So.2d at 595)

Also, in this connection, this court stated in Ammons v. McClendon, 263 Ala. 651, 83 So.2d 239:

"As to whether or not McClendon was where his service required his presence as a part of such service at the time of the accident and during the hours of service as a workman, within the meaning of subsec. (j), supra, depends upon the effect to be accorded his transportation to and from work in the truck. If by contract, express or implied, the transportation constituted a part of the consideration paid or to be paid McClendon for his services, then, in that event, the mutual duties of employer and employee were being performed at the time McClendon was killed and the workmen's compensation laws would be applicable. If, on the other hand, the transportation did not constitute a part of his contract of employment, the workmen's compensation law has no application. Blair v. Greene, 247 Ala. 104, 22 So.2d 834." (263 Ala. at 652, 83 So.2d at 240)

The petitioner urges on us the case of Glens Falls Ins. Co. of Glens Falls, N. Y. v. Anderson, 280 Ala. 626, 197 So.2d 276. In that case, the plaintiff was a clerk in the Highway Department, and during her coffee break, walked over to the Industrial Relations Building, another building within the complex of state office buildings surrounding the capitol, on a personal errand and fell sustaining injuries. The evidence showed that the plaintiff's working hours

were from 8:00 a. m. to 5:00 p. m. with an hour off for lunch and two fifteen-minute coffee breaks, one in the morning and one in the afternoon. The plaintiff could use her coffee break for any purpose she desired and could go wherever she wanted. In holding that the employee was not injured in the line and scope of her employment, as required by the policy, this court quoted from Auerbach ·Co. v. Industrial Commission, 113 Utah 347, 195 P.2d 245:

"'"* * * the fundamental test of employer-employee relationship is right of control."'" (280 Ala. at 630, 197 So.2d at 280)

The Court of Civil Appeals undertakes to eliminate from consideration the contract provision that " . . . employment of all men commences and ends at the job site." To eliminate the quoted provision and hold it not entitled to consideration as legal evidence, the Court of Civil Appeals holds the contract provision invalid on the ground that the provision violates public policy, saying among other things, to wit:

" . . . By enacting the Workmen's Compensation Act, the Alabama Legislature has declared principles of public policy. The policy declared by the legislature and the court decisions interpreting that policy, as seen from above, is that persons, as the employee in this instance, are to be covered by the workmen's compensation law.

" . . .

"An election to come under the act is an acceptance of all the provisions of the act (See Tit. 26, § 271, Code of Alabama 1940) and termination of this election is normally by the procedure under § 276. No provisions are provided by our legislature allowing modification of the provisions enumerated under the act. Any decision on the part of this court allowing modification of the act's provisions by private contract would amount, not only to the allowance of complete abrogation of specific provisions of the act itself, but of the intent of the act. The

act might be circumvented at will, rendering it totally void of usefulness."

The Court of Civil Appeals does not cite any provision of the Workmen's Compensation Act which requires that compensable employment must commence prior to the employce's arrival at the job site or must continue after the employee leaves the job site.

This court has said:

"Whether the transportation to and from work furnished by an employer to one in his employ is an incident of that employment is, when the evidence on the question is disputed, a question of fact dependent upon the particular circumstances of the case. (Citations Omitted)" United States Fidelity & Guaranty Co. v. Byrd, 273 Ala. 207, 209, 137 So.2d 743, 745.

I am of opinion that the Court of Civil Appeals erred in holding that the agreement between Bell's union and his employer was an attempt to modify the Workmen's Compensation Act and contrary to public policy. The agreement merely defined the period of employment; the agreement did not modify or attempt to modify any of the provisions of the act. The agreement in the instant case defined the employment as commencing and ending at the job site. This provision certainly provided the trial court with evidence from which it could find that the accident in which Bell was injured did not arise out of and in the course of his employment.

The rule of review in workmen's compensation cases has been stated as follows:

"'* * * This court will not look to the evidence to ascertain the weight or preponderance thereof as to any fact found by the trial court, but simply to see if there is any evidence, or reasonable inference from evidence, to support the facts found by the trial court. If, on any reasonable view of the evidence, it will support the conclusion reached by the trial court, the finding and judgment will not be disturbed. To state the rule

another way:—Where there is any legal evidence, or reasonable inference from legal evidence, to support the finding of facts of the trial court, such finding is conclusive, and the judgment rendered thereon will not be disturbed. Baggett Transp. Co. v. Holderfield, 260 Ala. 56, 59, 68 So.2d 21; Bass v. Cowikee Mills, 259 Ala. 391, 393, 67 So.2d 12; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 678, 32 So.2d 666; Houser v. Young, 247 Ala. 562, 563, 25 So.2d 421; Sloss-Sheffield Steel & Iron Co. v. Alexander, 241 Ala. 476, 478, 3 So.2d 46; Alabama By-Products Corporation v. Winters, 234 Ala. 566, 568, 176 So. 183; Woodward Iron Co. v. Jones, 217 Ala. 361, 362, 116 So. 425; Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 222, 109 So. 878; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 598, 105 So. 648; Ex parte Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 221, 92 So. 458.' Lucas v. Black Diamond Coal Mining Company, 262 Ala. 368, 371–372, 79 So.2d 26, 29." Horton v. DeLoach, supra, 276 Ala. at 359, 162 So.2d at 455.

The statute governing appeals in such cases has not been changed. The Court of Civil Appeals is bound by the rule stated in *Horton,* supra. The statute still provides:

" . . . E. Appeal by certiorari. From such decree any aggrieved party may by certiorari within thirty days thereafter appeal to the supreme court or the court of appeals of Alabama. (1919, p. 206.)" Title 26, § 297, 1958 Recompiled Code of Alabama 1940.

In the instant case there is legal evidence to support the trial court's finding and I am of opinion that under the rule heretofore prevailing the Court of Appeals erred in reversing the trial court. I would reverse the Court of Civil Appeals, and, therefore, dissent from the judgment quashing the writ.

MERRILL, J., concurs.