This is a workmen's compensation case. On January 20, 1976, plaintiff A.D. Hutcheson filed a claim for permanent total disability benefits arising from an injury occurring on October 28, 1974. Defendant Carroll answered with admissions that Hutcheson had been its employee at the time of the injury, that it had received notice of the injury, that it had paid medical expenses and substantial amounts of workmen's compensation benefits; but it denied liability for further compensation benefits and denied Hutcheson was totally and permanently disabled.
The case proceeded to trial before the court sitting without a jury. The court found Hutcheson, a 56-year-old man, had been injured in the line and scope of his employment, that Carroll had paid $75 per week as workmen's compensation for 48 weeks and also $5,095.01 as medical expenses, that Hutcheson had unpaid doctor bills of $30.60 and unpaid drug bills of $86.29 for which Carroll was liable, that Hutcheson was suffering from total and permanent disability and was entitled to further compensation at $75 per week for the 54 weeks since the last payment ($4,050) and an additional 448 weeks "unless compensation for the full 550 weeks exceeds the total amount allowed by statute at the time of plaintiff's injury." On November 8, 1976, the court entered judgment in accordance with those findings. Its motion for new trial being denied, Carroll appealed.
The parties stipulated that Hutcheson's average weekly wages at the time of the accident were $280, that under the workmen's compensation laws of Alabama he would be entitled to the maximum benefit of $75 per week, and that Carroll's insurer had paid Hutcheson $75 for 48 weeks along with all medical bills received in connection with the accident ($5,095.01).
The evidence tended to show the following: Hutcheson was 56 years old and had been employed by Carroll as a carpenter for two months on work at a Gantt steam plant when injured on October 28, 1975. While helping others put in a cement pipe, Hutcheson was hit under the shoulder blades by a backhoe, knocked several feet *Page 529 
forward into an eight-foot ditch where he landed on the cement pipe, rock and mud. He was taken immediately to a doctor who prescribed medication. Hutcheson returned to the job the same day and continued to work for about a month. He stated he worked in much pain in order to assist a new carpenter complete work he had begun prior to his injury. During this period of work, Hutcheson complained of soreness and fell several times. In November he entered a Pensacola hospital for treatment of an ulcer which he had had since 1951. The ulcer had been inactive since 1964 but was reactivated by indocin, a medicine prescribed for pain after the October injury. At the same time Hutcheson was found to be suffering from a mild case of hypertension, mild chemical diabetes, and to have degenerative arthritis of the left knee. (In February of 1974 when Hutcheson had a hemorrhoidectomy, X-rays had revealed degenerative osteoarthritis of the cervical vertebra; medication, traction of the neck and physical therapy had been prescribed and applied.) In January of 1975 X-rays revealed degenerative arthritis in the right knee, which his orthopedist stated was not connected with the October accident. An arthrotomy was performed on the right knee. Floating pieces of cartilage were removed. Hutcheson had suffered a hairline fracture of the left knee in a 1967 fall at a construction site and had been involved in an auto accident around 1969 without any known injuries. Since February of 1974 his left hand has been numb and since the accident he has been unable to grasp and hold tools with his right hand. He has a ninth grade education. He has not been trained for any work other than that of carpenter. At one time he farmed but does not have enough money to do so now.
The orthopedist assessed his disability as 10% permanent partial to the neck as a result of the accident aggravating the existing arthritis, 10% permanent partial of the right knee, or 5% disability to the body as a whole. He admitted it would be difficult for Hutcheson to climb and squat with such a condition but did not take the type of employment into consideration in fixing the amount of disability. Another physician declined to state a percentage of disability but did feel Hutcheson could supervise or do some carpentry work but could not do any climbing. Several carpenters, construction workers and neighbors of Hutcheson testified that he was physically unable to do the work of a carpenter because of the need to kneel, stoop and climb in that occupation.
Appellant contends the trial court erred in requiring it to pay the unpaid medical and drug bills in the absence of proof that they were reasonable. The record reveals that these bills were never introduced into evidence. They were only mentioned by appellee's attorney when he sought to have the amount stipulated. Appellant denied liability and appellee's attorney then stated he was going to show what they were for, but he never did. Where there is no evidence that a medical charge is reasonable, there is no basis for awarding judgment on the charge because it is not a matter of common knowledge. MitchellMotor Co. v. Burrow, 37 Ala. App. 222, 66 So.2d 198 (1953); Tit. 26, § 293, Code of Alabama (1940) (Recomp. 1958) (Supp. 1973). But appellant did not allege this as error in the motion for new trial. This error cannot come under the ground alleging excessive compensation because payments by the employer for medical treatment and medicine are not considered compensation.Liberty Mut. Ins. Co. v. Manasco, 271 Ala. 124, 123 So.2d 527
(1960); Tit. 26, § 293. Grounds of a motion for new trial must specify the precise error alleged to have occurred for the matter to be subject to review on appeal. Surber v. Mann,46 Ala. App. 700, 248 So.2d 740 (1971). We thus have nothing to review as no error has been preserved.
Appellant also contends that Hutcheson failed to sustain the allegation that he was totally and permanently disabled. While the testimony of the two doctors would support appellant's position, the court heard conflicting evidence from various lay witnesses and from claimant to the effect that Hutcheson was totally and permanently disabled from performing as a *Page 530 
carpenter, the only work for which he is trained. Expert medical opinion as to the nature, extent and permanency of a disability in a workmen's compensation case is not conclusive on the trier of fact even if the testimony is uncontroverted.Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380 (1967);Benson-Jackson-Mathers Post No. 5106 v. Donaldson, 267 Ala. 60,99 So.2d 688 (1958); Warrior Stone Contracting Co. v. DeFoor,241 Ala. 227, 2 So.2d 430 (1941); Stewart v. Busby, 51 Ala. App. 242, 284 So.2d 269 (1973).
The medical testimony professedly did not take into consideration the definition of total disability as did the lay testimony. Total disability does not mean absolute helplessness or entire physical disability, but means inability to perform the work of one's trade or inability to obtain reasonably gainful employment. Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315 (1958); B.F. Goodrich Co. v. Butler,56 Ala. App. 635, 342 So.2d 776 (1975) cert. quashed 295 Ala. 401,324 So.2d 788 (1976); Dale Motels, Inc. v. Crittenden,50 Ala. App. 251, 278 So.2d 370 (1973). Total permanent disability under Tit. 26, § 279 (E)3 may occur without loss of specific members of the body; in that case the court considers the education and training of the individual and the effect of the injury on his earning ability. Brunson Milling Co. v. Grimes,supra. We will not disturb the finding of the trial court because there was legal evidence to support its conclusion of total and permanent disability. Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664 (1969); Woodward Iron Co. v. Jones, 217 Ala. 361,116 So. 425 (1928); Mobile Paint Mfg. Co. v. Crowley,56 Ala. App. 673, 325 So.2d 182 (1975). The weight of the evidence before the trial court is not before this court on appeal in a workmen's compensation case. Horton v. DeLoach, 276 Ala. 357,162 So.2d 453 (1964).
Appellant's final contention is that the trial court misapplied the law to the facts by awarding benefits of 550 weeks which is in excess of the maximum permitted by statute. Tit. 26, § 279 (E)3, Code of Alabama (1940) (Recomp. 1958) (Supp. 1973) indicates the maximum for permanent total disability which is not covered by § 279 (E) is 500 weeks. The overall maximum benefits were $37,500 at the time Hutcheson was injured. Tit. 26, § 289, Code of Alabama (1940) (Recomp. 1958) (Supp. 1973). The trial court thus erred in awarding benefits of $75 for 550 weeks. The clause indicating that the award was limited to that amount allowed by statute did not prevent error. Neither does it require reversal because an appeals court may modify and change the error in an award of workmen's compensation benefits. Rowell v. Doss, 284 Ala. 500,226 So.2d 157 (1969); Wilson Co. v. Curry, 259 Ala. 685, 68 So.2d 548
(1953). We thus modify the judgment so that Hutcheson now may recover additional compensation for only 398 weeks rather than 448 weeks.
AFFIRMED AS MODIFIED.
BRADLEY and HOLMES, JJ., concur.