This is a workmen's compensation case.
The action arose out of an accident which occurred when a heavy box which employee and a co-worker were lifting slipped out of the co-worker's grasp. The entire weight of the box was shifted to employee and he suffered severe injury to his lower back. Employee, Lester Gosa, brought suit against both his employer, Den-Tal-Eze, and its insurer, St. Paul Fire and Marine. St. Paul's motion to be dismissed as a defendant was denied. The case proceeded to trial.
Judgment was entered against defendants for payment of medical expenses, temporary total and permanent total disability with a ten percent penalty. Defendants began immediate payments pursuant to the final judgment and appealed to this court. Subsequently the defendants filed a Motion to Terminate Payments alleging employee's *Page 1008 
failure to submit to rehabilitation. The motion was denied and the Notice of Appeal was amended seeking reversal of that order.
The appellants first assign error disputing the right of an employee to sue both the employer and the insurer. There is no question that this form of action was improper. Pounds v.Travelers Insurance Co., 259 Ala. 573, 196 So. 108 (1940);Humphrey v. Poss, 245 Ala. 11, 15 So.2d 732 (1943). In the absence of some applicable statute there can be no direct action against an employer's insurer by an injured employee. Section 25-5-8 (f)(4), Code of Alabama (1975) provides the only instance where such direct suit may be maintained. That statute has no application here.
The insurer raised its immunity from suit as a defense by filing a motion styled "Motion for Judgment on the Pleadings." Such a motion, as styled, is a 12 (c) ARCP motion and is appropriate only after the pleadings are closed. Such was not the case at the time of filing and the motion was denied. However, our courts consider motions according to their substance, not their captions. The substance of the insurer's motion was sufficient to be considered as proper under either 12 (b)(2) or 12 (b)(6), ARCP. The insurer's motion should have been granted.
The effect of the trial court's error in allowing the suit to proceed against both parties requires only the reversal of the judgment against St. Paul and its dismissal as a defendant. The error resulted in no material prejudice to the appellant employer. Lowe's of Dothan, Inc. v. Acme Drywall Co.,341 So.2d 166 (Ala.Civ.App. 1976); 2 A Ala.Dig. Appeal Error, Key No. 1026.
The next issue involves the appellant's Motion for Change of Venue and the trial court's failure to transfer the cause.
The first pleading filed was employer's Rule 12 (b)(6), ARCP, Motion to Dismiss for Failure to State a Claim for Relief of April 2, 1979. The following day the employer filed his Motion for Change of Venue under 12 (b)(3). It is obvious from the sequence of filing these motions that it will not be necessary for us to determine where proper venue could be had. The employer waived his venue objections by filing the 12 (b)(6) motion first. Objections to improper venue are waived if not raised in the first responsive pleading. Rules 12 (g), 12 (h)(1), ARCP.
Appellants contend that the court erred in awarding permanent total disability to the injured employee.
The record reveals that employee was a forty-six-year-old male who had worked substantially his entire adult life doing heavy manual labor. The evidence further shows that as a result of his accident, employee was operated on and had three discs removed from his lower back. The operating surgeon testified that employee had forty percent disability to the spine and twenty-five percent to the body as a whole. He also testified that employee should not engage in heavy activity or manual labor requiring bending, stooping, lifting, etc., and that he was totally and permanently unable to engage in heavy manual labor.
We find there is evidence to support a finding of permanent total disability. Our cases have consistently held that total disability does not mean absolute helplessness or entire physical disability, but refers instead to the injured employee's inability to perform the work of his trade or an inability to obtain reasonable gainful employment. BrunsonMilling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315 (1958);Carroll Construction Co. v. Hutcheson, 347 So.2d 527
(Ala.Civ.App. 1977); Dale Motels, Inc. v. Crittenden,50 Ala. App. 251, 278 So.2d 370 (1973). We will not disturb the finding of the trial court where legal evidence exists to support its conclusion of total and permanent disability.Carroll Construction Co. v. Hutcheson, supra; Mobile Paint Mfg.Co. v. Crowley, 56 Ala. App. 673, 325 So.2d 182 (1975).
Appellants, however, argue that evidence showing the employee refused work as an insurance salesman and that he has the ability to be "cross-trained" to other *Page 1009 
employment should preclude the court's finding of permanent total disability. Whether the employee can be rehabilitated to another vocation is a question of fact. The weight of evidence before the trial court is not before this court on appeal in a workmen's compensation case. Horton v. DeLoach, 276 Ala. 357,162 So.2d 453 (1964). The court could properly find the evidence insufficient to support rehabilitation to another vocation, especially in view of the fact that the employee had been a manual laborer for some twenty-six years.
Appellants next contend that their Motion to Terminate Payments was improperly overruled and that the trial court erred in providing for "one more interview" to wind up rehabilitation efforts. Appellants claim employee failed to comply with § 25-5-77 (c), (d), Code of Alabama (1975). Section (c) provides in applicable part that "If the employer so elects, the employee shall submit to and undergo vocational rehabilitation at the employer's expense through a vocational rehabilitation facility or institution recommended by a vocational rehabilitation specialist. . . ." Section (d) provides that refusal of the employee to accept rehabilitation at employer's request results in the loss of compensation for each week the refusal continues.
There is conflicting evidence in the record as to the extent of the employee's cooperation with rehabilitation efforts. The appellant's own expert testified as to the employee's seeming eagerness to be rehabilitated. Employee's evidence also supported a finding that he had cooperated fully with any reasonable attempts at rehabilitation. The weight given to the conflicting evidence is not before us. Horton v. DeLoach,supra. There was no error as to this finding.
Appellants next contend that the employee fraudulently concealed prior injuries to his back. This contention is not supported by the evidence. Employee freely submitted to a physical examination by the employer's own physician. That physician stated that the conditions disclosed by his examination were consistent with the accident related to him by the employee. There is no indication that the injury for which this action was brought was related in any way to any prior injury. Section 25-5-58 provides:
 If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employee shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.
Appellant contends error in refusal of admission into evidence of voluminous records of alleged prior injuries and claims filed by employee while employed on other jobs. We find no error. There appears no evidence or inference that such alleged prior injuries were in any way related to the degree or duration of the present injury or disability. Prior injury without connection to the injury presently complained of would appear without relevancy and would possibly be prejudicial. In any event, it has been held that under our statutory review by certiorari, rulings on admission of evidence will not be considered if it appears that the judgment is supported by legal evidence. Defense Ordinance Corporation v. England,52 Ala. App. 565, 295 So.2d 419 (1974) (cases cited therein).
There is ample legal evidence to support the judgment. We therefore affirm the judgment against defendant Den-Tal-Eze Manufacturing Co. We reverse the judgment against St. Paul Fire and Marine Insurance Co. and direct entry of judgment dismissing St. Paul Fire and Marine Insurance Co. as a defendant.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur. *Page 1010