This is a workmen's compensation case. Employee, Eunice Lovett, was injured on the job when a stack of lumber fell on her feet, causing nerve damage. Suit was filed against her employer, Bankhead Forest Industries, Inc., and trial was had ore tenus. The evidence at trial tended to show that employee, fifty-seven years of age with a sixth-grade education and no sales experience or business equipment experience, had suffered a tarsal tunnel syndrome in both feet. Tarsal tunnel syndrome is a condition caused by a compression of the nerves. Employee testified she is in much pain and is unable to do even minor chores around the house. Her husband testified in her support to the same effect. The attending *Page 900 
physician subjectively estimated fifteen percent disability to the left foot based on employee's complaints of pain. The trial court found employee totally and permanently disabled, entitling her to receive workmen's compensation benefits based on such total permanent disability as required by § 25-5-57 (4) Code of Alabama 1975. Employer's motion for new trial was denied. It is from the denial of the new trial motion this appeal lies.
Employer raises the issue on appeal as to whether there was any reasonable evidence presented to the trial court that would form the court's basis for a finding of permanent and total disability and loss of earning ability. As its first point on this issue, employer asserts no reasonable evidence was presented to the trial court to support its finding because there was no testimony of any physical impairment other than the employee's own testimony wherein she complained of pain and the attending physician's subjective disability rating based on the employee's complaints. A trial court may make a finding of permanent total disability or a percentage of disability without even expert medical testimony. Stewart v. Busby,51 Ala. App. 242, 284 So.2d 269 (1979). Furthermore, judgment in a worker's compensation proceeding will not be disturbed upon review by certiorari if there is any legal evidence to support the trial court's findings, Bolden v. M. Lowenstein Sons,Inc., 392 So.2d 1207 (Ala.Civ.App. 1981). We also note that the weight of the evidence before the trial court is not before this court on appeal in a workman's compensation case. Hortonv. DeLoach, 276 Ala. 357, 162 So.2d 453 (1964). There is no dispute that the only evidence before the court was employee's own testimony and the attending physician's subjective testimony based on employee's complaints of pain. We do not weigh that evidence, but we do find that evidence to be legal and supportive of the trial court's findings. Mobile Paint Co.v. Crowley, 673, 56 Ala. App. 674, 325 So.2d 182 (1975).
The test for permanent total disability is not absolute helplessness or entire physical disability but inability to perform one's trade or[1] inability to obtain gainful employment.City of Muscle Shoals v. Davis, 406 So.2d 919 (Ala.Civ.App.),cert. denied, 406 So.2d 923 (Ala. 1981); Health-Tex, Inc. v.West, 401 So.2d 88 (Ala.Civ.App.), cert. denied, 401 So.2d 90
(Ala. 1981). Employer asserts that because employee had no "trade" as the term is commonly used, and because the only evidence presented to the court concerning employee's employability was her statement that "nobody can't apply for a job with their foot in a chair," the requirements for permanent total disability were not met. Again, we do not weigh the evidence. Horton v. DeLoach, supra. There is evidence that because of pain, employee is unable to seek gainful employment. This supports the trial court's findings. Mobile Paint Co. v.Crowley, supra.
Lastly, employer claims under the authority of a Florida appellate court decision (Cardinal Industries, Inc. v. Dawkins,392 So.2d 368 [Fla.App. 1981]), that employee has the burden of presenting experts or doctors to say she is unable to work or that she is not retrainable. Again, we reiterate that in this state a trial court may make a finding of permanent total disability or a percentage of disability without medical testimony, Stewart v. Busby, supra, and as previously mentioned we find there is legal evidence on the record to support the trial court. Mobile Paint Co. v. Crowley, supra.
No other matters being raised on appeal, this case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Employer claims the test is conjunctive. The above cited decisions all use the word "or." *Page 901