66 So.2d 198

## MITCHELL MOTOR CO. v. BURROW.

### 6 Div. 599.

Court of Appeals of Alabama.

June 16, 1953.

223

Finis E. St. John and Jack C. Riley, Cullman, for appellant.

224

Berry & Battles, Cullman, for appellee.

HARWOOD, Judge.

The proceedings below were instituted under the Alabama Workmen's Compensation Law, Chapter 5, Title 26, Code of Alabama 1940.

G. C. Burrow, Jr., sought compensation because of injuries allegedly received while an employee of B. W. Jetton and Homer F. Mitchell, doing business as Mitchell Motor Company. At the conclusion of the hearing the court entered a decree awarding petitioner compensation in the amount of $420 for total disability for twenty weeks.

On petition of the respondents below a writ of certiorari was granted to review the decree of the lower court.

The petitioner below has also made cross-assignments of error asserting as error the failure of the lower court to award hospital and medical expenses.

The evidence introduced by the petitioner in the proceedings below tended to show that he was employed by the respondents in May 1949. His duties were more or less general, though he worked prinicipally at servicing, greasing, and undercoating automobiles.

In undercoating an automobile the vehicle is usually placed upon a raised rack and a substance is shot or blown on the undersides under high pressure, resulting in a protective coating on the underside of the car.

On November 11, 1950, the appellant was instructed by his foreman to put undercoating on the inside of the cab of an ambulance. In processing this job he was inside the cab, with the doors only partially open. Petitioner was confined in the ambulance cab some 30 minutes. Upon completion of the job the petitioner washed the exposed portions of his body with gasoline, as was normal, to remove any of the undercoating spray that 'may have adhered to him.

Within 15 or 20 minutes large stinging welts appeared on petitioner's arms and neck. This occurred just before quitting time, and appellant did nothing about the condition until the next morning.

He then went to Dr. R. E. Williams who administered a shot to him.

His condition growing worse Dr. Stitt was called to see appellant. He found appellant with a dermatitis over his entire body, swollen in areas. Petitioner was more or less in a coma and unconscious of his surroundings. Dr. Stitt prescribed corn starch baths and greasing. A day or so later he sent petitioner to a hospital where he remained some five weeks. Altogether, petitioner was disabled some seven months.

Evidence introduced by the respondent was directed toward showing that the petitioner was allergic to certain oils or greases used in and around filling stations and had previously suffered from dermatitis brought on by exposure to such substances.

Dr. R. E. Williams testified that on May 4, 1949, petitioner consulted him. At that time he found petitioner suffering from a dermatitis on the neck, back and arms, and petitioner gave a history in which he stated that this condition flared up whenever he worked around filling stations.

Jewel Berry, operator of the Bee Line Service Station, testified that petitioner worked for him between six and twelve months and that at one time he had some breaking out on his shoulder, and a short time thereafter he quit, and told Berry that the doctor said he was allergic to something around filling stations. This was in May 1949.

In rebuttal petitioner testified that at the time he was working for Berry he scratched his neck in lowering a hood on a car; that this scratch became infected and that was the occasion of his consulting Dr. Williams.

Petitioner further testified that he had worked at his brother's filling station some 5 or 6 years and had never had any skin trouble during that time, and that the only time he had ever suffered any skin irritation was when he visited Dr. Williams.

## Appellant's (Respondent's) Assignments of Error.

Appellant's assignments of error assert in various ways that the court erred in entering judgment awarding petitioner any compensation.

Appellant's counsel, in brief and argument, contend that appellee's disability resulted from an occupational disease, and not an accident, which diseases are non-compensable under our law.

By Section 262(j), Title 26, Code of Alabama 1940, it is provided that "injuries by an accident" shall not include a disease, unless the disease results proximately from the accident.

Medical testimony submitted below was to the effect that an allergy such as affected the petitioner often follows within a few minutes' contact with the causative agent. The almost immediate onset of the petitioner's allergy following application of the undercoating material inside the ambulance cab furnishes an ample basis for inference that it was contact with this substance in the more or less enclosed area of the ambulance cab which brought about petitioner's disease.

■ In reviewing compensation cases, brought up by the common-law writ of certiorari, where there is any legal evidence supporting the finding of the lower court, or if there is any reasonable view of the evidence that will support the lower court's conclusions its findings and judgment will not be disturbed. See 19 Ala.Dig., Workmen's Compensation, ☞1940 for innumerable authorities.

■ Occupational diseases, broadly defined, are those diseases incident to certain employments and which human foresight cannot fend against. On the other hand, a disease contracted as a direct result of unusual circumstances connected with work, and not as an ordinary or reasonably to be anticipated result of pursuing the work, is to be considered as an injury caused by accident. Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530; Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565.

■ The evidence below shows that the petitioner had worked at his brother's filling station some five or six years, during which he suffered no allergic condition. He worked at the Bee Line Service Station some 6 to 12 months. During this time he did have a physical condition which petitioner claims was an infection from a scratch on his neck, but which appellant's witness, Dr. Williams, testified was an allergy, which from history only, he thought came from contact with some substances used around filling stations. Assuming the condition was an allergy, it apparently was mild, and in no manner disabling.

Afterward, petitioner worked at appellant's garage for some six months before he was so catastrophically stricken on November 11th.

This followed applying undercoating material in the small and unventilated confines of an ambulance cab. The evidence shows that the usual mode of applying this material is by placing the car on a raised rack and shooting the material, under pressure to the underside of the vehicle. Naturally under such conditions the mist or spray incident to such work is less concentrated than under the conditions under which petitioner performed the work as instructed by his foreman.

■ An actual aggravation of an existing infirmity, caused by an accident in the course of employment is compensable even though the accident would have caused no injury in a normal person. Walker v. Minnesota Steel Co., 167 Minn. 475, 209 N.W. 635; Ingalls Shipbuilding Co. v. Cahela, 251 Ala. 163, 36 So.2d 513.

We find no basis for disturbing the lower court's finding that the appellee's disability was the result of an accident, and awarding compensation therefor.

Appellee's Cross-Assignments of Error.

The appellee's cross-assignments of error all relate to the action of the lower court in denying appellee's motion for a new trial.

The grounds of appellee's motion asserted error in the refusal of the lower court to award compensation for medical and surgical expenses incurred by petitioner.

In the proceedings below the appellee introduced, without objection, bills for hospital and medical treatment, and a bill for medicines. The hospital bill had been paid by appellee.

No evidence was introduced to show that any of the charges were reasonable.

■ The hospital bill and the bills for medical services rendered by physicians were clearly charges for matters not of

common knowledge. Birmingham Amusement Co. v. Norris, 216 Ala. 138, 112 So. 633, 53 A.L.R. 840; Hartley v. Alabama Nat. Bank of Montgomery, 247 Ala. 651, 25 So.2d 680; City of Birmingham v. Norwood, 220 Ala. 497, 126 So. 619.

■ The bill for medicines was from the People's Drug Co. of Cullman. The bill does not show what items were purchased, but is merely for "Acct. to date." It is therefore not within the rule that if the charges proven are for items the nature an expense of which are known as matters of common knowledge, then under such circumstances the sum paid may be some evidence of the reasonable value of such items in the absence of proof to the contrary. See authorities immediately, supra.

The lower court in its order denying appellee's motion for a new trial, and denying appellee compensation for medical and surgical expenses asserted as one of the grounds for its denial of these expenses that:

"It is clear to this court that under the provisions of Section 293, Title 26 of the Code, there is no authority resting in the court to award compensation for medicine and medical treatment without evidence before the court to show that the charges embodied in the receipts and bills offered in evidence were reasonable in amount and under the particular circumstances there prevailing. Under the holding of the Supreme Court of Alabama, by which this court is governed, the burden of proof to establish to a reasonable certainty the reasonableness of charges for medicine and medical treatment procured by the employee himself is on the employee. There is no attempt to meet this burden. Any right of recovery for medicine, medical treatment and hospital charges is statutory, and the burden is on the plaintiff to establish the facts essential to an award. An award of compensation of necessity must have evidence to support it. There is not a scintilla of evidence that the charges for medical treatment, medicine and hospital services were reasonable. Not a word that they were in line with charges prevailing for similar items and treatment in the community where plaintiff resided."

■■ We pretermit entirely consideration of the question of whether the appellee has pursued the proper method of obtaining a review of the errors of which he has sought to complain. We will note however that appellate review in compensation cases can, under our statutes, be had only by the common-law writ of certiorari, Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803, and it has often been stated that the common-law writ of certiorari cannot be made to serve the purpose of an appeal. Ex parte Nunnally Co., 209 Ala. 82, 95 So. 343.

■ We have, as stated above, pretermitted consideration of this procedural question for the reason that it is obvious that, regardless of the method of review sought by appellee, the errors asserted must be deemed without merit. This for the reason that it was incumbent upon petitioner to introduce evidence tending to show the reasonableness of the expenses he incurred, these expenses being matters not of common knowledge. This the appellee failed to do. There was therefore no basis for a finding by the court allowing such expenses.

Affirmed.