PATRICIA MORSE, EMPLOYEE v. MRS. KATHRYN F. CURTIS, EM-
PLOYER, AND INSURANCE COMPANY OF NORTH AMERICA, CAR-
RIER

No. 7329IC592

(Filed 12 December 1973)

Master and Servant § 75— workmen's compensation — medical expenses —
  necessity for itemized bills

  The Industrial Commission erred in ordering defendants to re-
  imburse claimant's father a sum of $21,163.91 for medical and related
  expenses he testified he had paid as a result of treatment rendered
  claimant for her injuries where no itemized bills for such medical and
  related expenses were submitted to the Industrial Commission, and
  the cause is remanded for an additional hearing with respect to such
  expenses. G.S. 97-26; G.S. 97-90.

APPEAL by defendants from opinion and award of the Industrial Commission entered 5 March 1973.

Plaintiff sustained serious personal injuries on 15 August 1964 while employed by defendant Kathryn F. Curtis. After the determination of various jurisdictional and procedural matters *(Morse v. Curtis,* 6 N.C. App. 591, 170 S.E. 2d 493; *Morse v. Curtis,* 6 N.C. App. 620, 170 S.E. 2d 491; and *Morse v. Curtis,* 276 N.C. 371, 172 S.E. 2d 495) the case was heard in pertinent

part before Deputy Commissioner A. E. Leake on 10 November 1970. By stipulation the issues to be determined at such hearing were "what amount the plaintiff is entitled to receive as compensation for temporary total disability, temporary partial disability, for permanent disability, and . . . what medical and incidental benefits she is entitled to receive."

The evidence submitted at the hearing before Deputy Commissioner Leake by the plaintiff concerned the extent of her injuries and medical treatment. Over objection by the defendants the father of the plaintiff was permitted to testify that he had incurred expenses in the amount of $21,163.91 as a result of the treatment rendered his daughter for her injuries. No itemized bills for medical, surgical, hospital service, nursing or other incidental medical benefits were submitted in support of the testimony of plaintiff's father. On 23 July 1971 Deputy Commissioner Leake filed an opinion and award allowing plaintiff $12,000.00, the maximum permissible amount, as compensation for her injuries, and this amount the defendants have paid. The opinion also made the following finding of fact concerning the medical and related expenses:

"10. The plaintiff's total medical expenses in Hendersonville, North Carolina, in 1964 in connection with the treatment of her injury by accident amounted to $1,193.87. The total medical and related expenses incidental to plaintiff's first trip to New York City for the purpose of undergoing treatment for injury received in the stipulated accident amounted to $7,551.13. The total medical and incidental expenses of the plaintiff's second trip to New York City for the same purpose amounted to $8,693.11. In the treatment of the plaintiff's injuries received in the stipulated accident the plaintiff incurred total medical and related expenses amounting to $21,163.91. These expenses have been paid by the plaintiff's father, Mr. Bleecker Morse."

and provided:

"6. Defendants shall pay all medical expenses and hospital expenses arising as a result of the plaintiff's injury, after bills for the same have been submitted to and approved by the North Carolina Industrial Commission."

Plaintiff never submitted any bills for the Commission's approval. However, on 23 February 1972, without notice to

---

Morse v. Curtis

---

defendants, Deputy Commissioner Leake modified paragraph six of his award by adding the following sentence:

> "Certain of these bills in the total amount of $21,163.91 having heretofore been paid by Bleecker Morse, father of the plaintiff, as set out in finding of fact number 10, are hereby approved, and the defendants are hereby ordered to make payment to Bleecker Morse in the amount of $21,163.91 to reimburse him for funds expended by him for treatment of plaintiff's injuries."

From this action of the Deputy Commissioner defendants appealed to the Full Commission. The Full Commission affirmed, and defendants have appealed to this Court.

*Uzzell & DuMont and Francis M. Coiner, by Harry DuMont, for plaintiff appellee.*

*Roberts and Cogburn, by Landon Roberts, for defendant appellants.*

BALEY, Judge.

The defendants in this compensation case do not deny that they are liable for the payment of medical and related expenses incurred by plaintiff or her father as a result of injuries sustained by her from an accident arising out of and in the course of her employment. They contend, however, that such expenses are subject to the approval of the Industrial Commission based upon competent evidence as to their validity and amount.

G.S. 97-90 authorizes the Commission to exercise control over the legal and medical charges permitted under the Workmen's Compensation Act as follows:

> "(a) Fees for attorneys and physicans and charges of hospitals for services and charges for nursing services, medicines and sick travel under this Article shall be subject to the approval of the Commission . . . . "

*See also Worley v. Pipes, 229 N.C. 465, 50 S.E. 2d 504; Matros v. Owen, 229 N.C. 472, 50 S.E. 2d 509; Wake County Hospital v. Industrial Comm., 8 N.C. App. 259, 174 S.E. 2d 292, cert. denied, 277 N.C. 117.*

G.S. 97-26 provides:

"The pecuniary liability of the employer for medical, surgical, hospital service, nursing services, medicines, sick travel or other treatment required when ordered by the Commission, shall be limited to such charges as prevail in the same community for similar treatment of injured persons of a like standard of living when such treatment is paid for by the injured person . . . . "

Even when the employer has voluntarily paid for medical care of an employee, the court in *Biddix v. Rex Mills,* 237 N.C. 660, 664, 75 S.E. 2d 777, 781, stated:

"When liability for the medical care of an employee who has suffered an accident is voluntarily incurred by the employer, the bills therefor must be approved by the Commission before the employer can demand reimbursement from its insurance carrier. In this manner such expenditures are kept within the schedule of fees and charges adopted by the Commission. G.S. 97-26."

The clear intent of these statutes and judicial opinions is to assure that medical and related expenses incurred by an injured employee for which the employer or his insurance carrier is to be liable shall be kept within reasonable and appropriate limits, and the responsibility for the enforcement of these limits rests upon the Industrial Commission. Indeed, under G.S. 97-90, it would be a misdemeanor for any person to receive fees which were not approved by the Commission.

In the present case an opinion and award was entered 23 July 1971 by a Deputy Commissioner which directed the defendants to pay all medical expenses and hospital expenses arising as the result of the plaintiff's injury "after bills for the same have been submitted to and approved by the North Carolina Industrial Commission." No bills were submitted to or approved by the Commission, and seven months later, on 23 February 1972, the Deputy Commissioner without further hearing found that "certain of these bills" totaling $21,163.91 had been paid by the father of plaintiff and ordered that defendants reimburse the father for such payments. In our opinion the Deputy Commissioner was without authority to change his order *ex mero motu* and deprive defendants of a material right to have the bills for medical and related services

submitted to and approved by the Commission. *Stanley v. Brown*, 261 N.C. 243, 134 S.E. 2d 321. Approval by the Commission is required by statute as well as the original order of the Deputy Commissioner and is not to be a routine or perfunctory act, but the exercise of a discretionary judgment based upon the evidence.

. In *Brice v. Salvage Co.*, 249 N.C. 74, 83, 105 S.E. 2d 439, 446, the court in a case involving the approval by the Commission of a legal fee stated: "And the word 'approve' as used in decisions of this Court implies the exercise of discretion and judgment. . . . Indeed, Black's Law Dictionary defines it ' " the act of approval" imports the act of passing judgment, the use of discretion and determination as a deduction therefrom.' "

The action of the Deputy Commissioner denied to the defendants the opportunity to question specific bills concerning medical and related expenses of the plaintiff and to aid the Commission in determining if the charges were excessive. Until the bills were known, defendants were not in any position to object to them or to offer any evidence that they exceeded the limits for such charges as prevail in the same community for similar treatment. *See Bass v. Mecklenburg County*, 258 N.C. 226, 235, 128 S.E. 2d 570, 576.

Upon review before the Full Commission the only evidence in the record with respect to the medical and related expenses is the testimony of the father of the plaintiff. He testified that he had paid the sum of $21,163.91 for such expenses as the result of treatment rendered to plaintiff for injuries received in the accident. With very limited exceptions there is no evidence showing to whom these payments were made, at what time, or for what purpose. The medical doctors who testified did not specify the compensation which they received for their specific services, and there is no statement from any hospitals setting out the expense of plaintiff's hospitalization, the time involved, or any of the details of the treatment. The burden of showing the medical and related expenses incurred *as a result of a compensable injury* is upon the claimant who seeks payment therefor. *Mitchell Motor Co. v. Burrow*, 37 Ala. App. 222, 66 So. 2d 198 (1953); *Boyer v. Service Distribs., Inc.*, 366 Mich. 319, 115 N.W. 2d 101 (1962); *Gonzales v. Johnston Foil Mfg. Co.*, 305 S.W. 2d 45 (Mo. App. 1957). The award of the Full Commission shows that the Commission "would have preferred

that a detailed statement of the medical expenses incurred by plaintiff would have been placed in evidence" and recites that "[a] strict view of the evidence in the case regarding expenditures for medical services could require a remand of the case for the purpose of receiving additional evidence regarding such question."

While it is unfortunate that a settlement of this matter must be further delayed, the defendants are entitled to know the medical and related expenses which they are required to pay and to have an opportunity to be heard concerning their validity and amount. Accordingly, this cause is remanded to the Industrial Commission for additional hearing with respect to the medical and related expenses incurred by plaintiff as a result of her compensable injury.

Remanded.

Judges MORRIS and VAUGHN concur.