BETTY JO WEYDENER v. CAROLINA VILLAGE AND THE ST. PAUL IN-
SURANCE COMPANIES

No. 7929SC669

(Filed 4 March 1980)

**Master and Servant § 75— workmen's compensation—medical bills—no approval by Commission—court order improper**
    The Superior Court had no authority to order defendants to pay medical bills incurred by plaintiff for treatment of her work related injury, though the Industrial Commission had ordered that defendants pay all such bills, since the bills in question had not been submitted to or approved by the Industrial Commission. G.S. 97-90.

APPEAL by defendants from *Riddle, Judge*. Judgment entered 13 March 1979 in Superior Court, HENDERSON County. Heard in the Court of Appeals on 5 February 1980.

The following facts are not in controversy:

On 15 September 1978 the North Carolina Industrial Commission filed its amended Opinion and Award providing that defendants pay to the plaintiff specified sums for temporary total disability and permanent partial disability of her back due to a work-related injury, and providing further for the payment by defendants of "all medical bills resulting from the injury giving rise to this claim."

On 7 and 13 March 1979, pursuant to the provisions of G.S. § 97-87, plaintiff filed in the Superior Court of Henderson County a certified copy of the Commission's Opinion and Award together with an affidavit that various medical bills had not been paid by defendants. Thereafter, on 13 March 1979 and without any notice to defendants, the judge entered a judgment that defendants pay to plaintiff the total unpaid bills as set out in her affidavit. In accord with G.S. § 97-87, defendants were notified of the entry of the judgment, from which they timely appealed.

*James C. Coleman, for the plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes & Davis, by Philip J. Smith, for the defendant appellants.*

HEDRICK, Judge.

G.S. § 97-90 in material part provides:

(a) Fees for . . . physicians and charges of hospitals for services and charges for nursing services, medicines and sick travel under this Article shall be subject to the approval of the commission; . . .

Subsection (b) of the statute makes it a misdemeanor for any person to receive any fees which have not been approved by the Commission. It is plain, therefore, that approval by the Commission is required before defendants herein can be ordered to pay any medical charges allegedly incurred by plaintiff.

However, it does not appear from the record before us that any of the bills set out in plaintiff's affidavit as submitted to the Superior Court were ever submitted to or approved by the Industrial Commission. Clearly, then, the Superior Court acquired no authority to act under G.S. § 97-87 or to order these defend-

ants to pay the claimed charges. *See Morse v. Curtis*, 20 N.C. App. 96, 200 S.E. 2d 832 (1973), *cert. denied*, 285 N.C. 86, 203 S.E. 2d 58 (1974). Accordingly, the judgment appealed from is

Reversed.

Judges VAUGHN and CLARK concur.