EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case.
As to factual matters, our review is limited to a determination of whether there is any evidence to support the trial court’s findings. Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109 (Ala.Civ.App.1982). Consequently, we have searched the record to ascertain if there was evidence which was supportive of the circuit court’s holding and the following was revealed.
The employee injured her back, knee and hands through an on-the-job accident which occurred on February 8, 1980. She was treated by several physicians and was certified as being able to resume her work on *797 April 21, 1980. Workmen’s compensation was paid to her for the period from February 8 to April 21. Her testimony was that she was not able to work after April 21 because of pain. The employee attempted to work briefly on two different days. For Social Security purposes she is totally disabled at this time because of mental reasons, which are not related to her February 8, 1980 injury or accident. Because of shock treatments for her mental condition, admittedly, her memory has been affected. There was no medical testimony that she suffered any disability which was occasioned by the accident from April 21 until November 24. By her own testimony, her condition varied since she would improve and then relapse. Unemployment compensation was paid to her for the two months prior to August 22, 1980, the last day that she attempted to work for the employer. The employee was hospitalized for eleven days beginning on November 24, 1980, because of her February 8, 1980 accident and she was again certified by her physician as being fit for work as of six weeks from December 12, 1980.
While some medical experts deposed that the employee did not suffer any permanent partial disability, one orthopedic surgeon estimated that she might have a ten to .fifteen percent partial permanent impairment of her upper right extremity unless she had corrective surgery, but he was not able to testify with any specificity that such impairment was occasioned by her February 1980 accident.
The trial court ascertained that the employee received no permanent partial disability but that, in addition to the period from February 8 to April 21, for which she received compensation, she was entitled to receive temporary total disability benefits for an additional period of eight weeks and three days from November 24, 1980. The employee appealed.
“We will comment that temporary total disability may occur at different times during the recuperative period of healing until maximum medical improvement is reached or can be ascertained depending upon the circumstances of each case. See Richter v. Shoppe Plumbing & Heating Co., 257 Minn. 108, 100 N.W.2d 96; Costa v. Cars, Inc., 96 R.I. 396, 192 A.2d 1.”
Defense Ordinance Corporation v. England, 52 Ala.App. 565, 572, 295 So.2d 419, 424 (1974).
In a case such as this where an employee is initially temporarily totally disabled through an accident and then apparently recovers for a period of time, but the disability subsequently re-occurs and becomes evident again, the employee may recover for such a re-occurring disability provided statutory time limits have not expired. Under the same circumstances, an employee may not recover workmen’s compensation during a material intervening time period of nondisability which transpires between periods of temporary total disability. In short, there may be a hiatus between periods of temporary total disability-
Here, a question of fact existed for the trial court. It was factually determined and decided that the employee was paid for temporary total disability from February 9 to April 21, and that she was further entitled to receive temporary total disability compensation for eight weeks and three days commencing on November 24, 1980. By implication, the trial court found that no disability existed from April 21 to November 24. Since the evidence supports those findings of fact by the trial court, we cannot alter its decision. The judgment was not inconsistent.
The trial court did not order the employer to make payment for services rendered to her by two physicians and for certain other medical expenses. There was no error in that regard, since there was no evidence that any of those medical charges were reasonable. Carroll Construction Company, Inc. v. Hutcheson, 347 So.2d 527 (Ala.Civ.App.1977); Mitchell Motor Co. v. Burrow, 37 Ala.App. 222, 66 So.2d 198 (1953). Additionally, there was a. factual dispute as to whether the employee was *798 authorized to seek treatment from those two physicians.
The fact that the trial court accepted the testimony and opinion of one or both of those doctors, but did not order payment for their professional services, is not inconsistent.
We affirm.
The foregoing opinion was prepared by retired Circuit Judge Edward N. Scruggs, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.