Claimant Tinsley brought suit, claiming workmen's compensation for an injury to his back which occurred in August 1984. His employer, Robinson Foundry, Inc., had denied compensation. Trial was had, and the court found claimant was due temporary total benefits and permanent partial benefits for thirty-five percent loss of ability to earn. Judgment was entered as follows:
 "1. That plaintiff have and recover of the defendant the sum of $15,387.26 for his 35% decrease in his ability to earn a living based upon $219.84 per week average income at the time of petitioner's injury. Petitioner is further to receive the sum of $3,714.78, said amount representing the amount of medical bills agreed upon by the parties to be due and payable in this cause. Total of said judgment to petitioner to be $19,102.04." *Page 826 
The judgment further provided that Robinson was responsible for all future medical expenses resulting from the injury.
Robinson appeals, presenting two issues. The first issue is whether the court erred by entering judgment without applying § 25-5-58, Code 1975. That Code section is:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
The basis for the issue of applicability of this statute to claimant's injury is the contention that claimant had suffered from chronic or recurrent back pain since suffering a back sprain in 1981 or 1982. There was undisputed testimony, confirmed by claimant, that he had suffered a back muscle sprain on his job in 1981 or 1982 and that he had suffered back pain since that injury for which he often sought treatment from a chiropractor at his own expense. Apparently he did not receive compensation for that injury, though his employer knew of it and loaned him money to secure the chiropractic treatment. Robinson, though knowing of his back pain, assigned him to a job which required him to lift sacks of material weighing 100 pounds. While engaged in lifting such sacks on or about August 8, 1984, claimant injured his back. His employer was immediately notified of the injury and subsequently made an appointment for him to see a neurosurgeon. Claimant continued to work his job and saw the neurosurgeon about a month after the injury.
Claimant underwent tests in the hospital which failed to indicate any abnormality of the back. He left the hospital with such pain that he could not work. In June 1985, he was again given tests under the care of another neurosurgeon. The tests indicated collapsed lumbar discs. Corrective surgery was performed, with normal recovery. He was directed to limit lifting to no more than ten to twenty pounds. He was given a medical disability of ten percent. The employer has denied responsibility and has never paid claimant compensation or medical benefits.
The appeal does not involve the questions of injury and responsibility for compensation for injury, but whether the degree of injury was increased or prolonged because of a pre-existing injury or infirmity under application of §25-5-58. The trial court considered the question after argument and briefs and did not apply the statute. We find no error in that decision.
We have carefully perused the testimony presented and have found no evidence that claimant's performance on the job prior to the present injury was affected by a previous injury or infirmity. There is evidence that he was often in pain from some kind of chronic back problem. Robinson was fully aware of that infirmity, yet assigned him to a job which required heavy lifting. One can only assume that Robinson considered claimant capable of performing his job. In view of the knowledge of Robinson of whatever infirmity claimant had previously, to assign him to a heavy lifting job would appear callous indeed, unless Robinson did not consider the infirmity to be disabling. There is no indication in the record that claimant had not capably performed whatever job he had been assigned since 1981-82.
Even if there is an existing infirmity or latent disease, our courts have said that an aggravation of such infirmity by an accident occurring on the job is compensable. Ex parte Lewis,469 So.2d 599 (Ala. 1985); Newman Bros. v. McDowell,354 So.2d 1138 (Ala.Civ.App.), cert. denied, 354 So.2d 1142 (Ala. 1977);Mitchell Motor Co. v. Burrow, 37 Ala. App. 222, 66 So.2d 198
(1953). We have said that an employer takes an employee as he is. One suffering an injury caused by his job does not bear the risk of his own physical structure. Hyster v. Chandler,461 So.2d 828 (Ala.Civ.App. 1984); Allen v. Metro ContractServices, Inc., 421 So.2d 1289 (Ala.Civ.App. 1982). We have also said, as has our Supreme Court, that § 25-5-58 is to be liberally construed so as not to apply if the previous injury or infirmity has not demonstrated *Page 827 
itself as disabling and prevented the employee from performing his job in a normal manner. Ex parte Lewis, supra; Thompson andCo. v. Cole, 391 So.2d 1042 (Ala.Civ.App. 1980); Kroger Co. v.Millsap, 280 Ala. 531, 196 So.2d 380 (1967). It is the opinion of this court that the evidence supports the conclusion that claimant was performing his job normally and clearly to the satisfaction of his employer prior to the time of the injury to his back in August 1984, and that the permanent partial disability found by the trial court resulted from that injury. We find § 25-5-58 not to apply.
The second issue presented is that the trial court erroneously entered a lump sum judgment. We find that issue to be well taken.
Section 25-5-83 clearly provides that periodic payments of compensation may be commuted to one or more lump sum payments only by agreement of the parties and with approval of the court. Jamestown Corp. v. Ward, 373 So.2d 1136
(Ala.Civ.App. 1979). There is no indication in the present judgment of such agreement or approval.
Section 25-5-83 further provides the manner in which commutation of periodic payments to a lump sum shall be calculated. The judgment clearly shows such commutation was not so calculated. Claimant's response to employer's issue is unclear to the court. He apparently contends that because employer has never paid any compensation and because he has suffered temporary total disability since his injury, the judgment represents accumulated periodic compensation rather than commuted future payments.
We find no basis for this contention. The judgment specifically finds both temporary total disability and permanent partial disability. There was no finding of the extent of the temporary total disability nor of the permanent partial. Claimant, in brief, speaks of 155 weeks of accumulated temporary total disability. The trial court made no such finding. However, § 25-5-57(a)(3)(g) of the Code provides not 155 weeks for compensation, but "not . . . beyond 300 weeks."
For error in the judgment we must reverse in part. We remand to the trial court for a determination of the time of temporary total disability and the amount of compensation due therefor and the determination of the amount of compensation due for permanent partial loss of ability to earn, keeping in mind that such total compensation shall not exceed 300 weeks. The judgment of the trial court is affirmed in part, reversed in part, and remanded with directions.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
All the Judges concur.