After several ore tenus proceedings, the trial court found that the employee was permanently and totally disabled and was entitled to corresponding workmen's compensation benefits. Further, the trial court awarded the employee $6,153.05 for unpaid or unreimbursed medical expenses incurred as a result of his work-related injury. The employee's counsel was also awarded a fifteen percent attorney's fee. From this final order the employer appeals.
First, the employer contends that the trial court erred by entering a judgment without applying § 25-5-58, Code 1975. That Code section is as follows:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
The basis for the issue of applicability of this provision to the employee's injury is the contention that the employee had suffered a back injury while on vacation and that part or all of his disability resulted from the off-the-job injury. We note that this appeal does not question the finding by the trial court of permanent and total disability, but only whether the degree of injury was increased or prolonged because of any preexisting injury or infirmity under § 25-5-58. In other words, the employer contends that the employee is not 100% permanently and totally disabled as a direct result of any on-the-job accident and that the employer should not be totally responsible for the disability.
It is well settled that an employer takes an employee as he is. Robinson Foundry, Inc. v. Tinsley, 510 So.2d 825
(Ala.Civ.App. 1987). Further, § 25-5-58 is to be liberally construed and does not apply if any previous injury has not demonstrated itself as disabling or has not prevented the employee from performing his job in a normal manner. Robinson, supra. *Page 317 
Here, the record reveals that the employee had worked for the employer (a baking company) for approximately thirteen years. His job involved manually placing 100- to 150-pound bags of sugar and flour onto various production lines. The record further reveals that on the day of the accident (Tuesday) the employee was attempting to push a battery weighing 700 to 800 pounds onto a forklift. The employee testified that while attempting to move the battery he experienced sudden pain in his lower back, accompanied by hurting in his right leg. This injury occurred midway through the second day following the employee's return to work after a two-week vacation. There was testimony that the employee had performed the duties of his job as usual all day on Monday, as well as up to the time of his accident on Tuesday.
After a review of the record, we do find conflicting evidence concerning the employee's ability to perform his job as usual. However, where conflicting testimony is presented, the findings of the trial court are conclusive if there is any testimony to support them. DeHart v. Ideal Basic Industries, Inc.,527 So.2d 136 (Ala.Civ.App. 1988). As set out above, there is testimony that subsequent to his vacation the employee was performing his job normally prior to his accident on Tuesday, July 30, 1985. Therefore, since there is evidence that the employee was performing his job as usual, we find that the trial court was correct in not applying § 25-5-58.
The employer next contends that the trial court erred in ordering it to reimburse the employee for unpaid medical expenses, because, it says, there was no proof that they were either reasonable or necessary.
Pursuant to Ala. Code § 25-5-77(a), the employer is required to pay the actual cost of reasonably necessary medical and surgical treatment, physical rehabilitation, and medicine. Here, numerous bills were introduced into evidence, all of which, the employee testified, were related to his back injury.See, TG Y Stores Co. v. Higdon, 437 So.2d 1035
(Ala.Civ.App. 1983). Furthermore, the employee's physician testified that the bills were for the treatment of the employee's back injuries. The physician testified that the charges were reasonable in terms of the price generally charged in the community and that they were necessary for the treatment of the employee's injuries. Therefore, we find no error here.
The final issue on appeal concerns the award of attorney's fees. The employer contends that the trial court abused its discretion by awarding the maximum fifteen percent attorney's fee award. We find no merit in this argument. Clearly, Ala. Code § 25-5-90 gives the trial court, broad discretion in its award of attorney's fees. Southern Prestressed Concrete, Inc. v.Thomas, 485 So.2d 772 (Ala.Civ.App. 1986). There is no requirement that the record contain competent evidence upon which the court can make a determination of a reasonable fee.Southern, supra. Here, the trial court awarded a fifteen percent attorney's fee award, which is within the maximum allowed by statute. Therefore, we find no abuse of the trial court's discretion.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.