David Earl Wright, employee, filed a complaint for workmen's compensation benefits on May 25, 1989, alleging that he suffered an on-the-job injury while in the employ of Goodyear Tire and Rubber Company (Goodyear).
Following the presentation of ore tenus evidence, the trial court found that Wright did suffer an injury to his back on December 30, 1988, which was the result of a work-related accident. The court then found that as a result of that accident, Wright was temporarily and totally disabled until July 17, 1990, on which date he reached maximum medical improvement. In its "Findings of Fact and Conclusions of Law," the trial court stated: *Page 519 
 "The court does not find that the plaintiff has permanently lost all ability to sustain gainful employment as the proximate result of the injury made the basis of this action. While the court is mindful of the law regarding preexisting injuries and infirmities and their effect on such an award, under § 25-5-58, Code [of Ala], and under Merico, Inc. v. Sparks, 567 So.2d 315 (1990), and other decisions, the evidence reflects that the plaintiff was adjudged by this court, in another compensation claim, to have sustained previously a five per cent permanent impairment to his earning ability, and, therefore he cannot, as a matter of law, be totally and permanently disabled from this accident."
(Emphasis added.)
The trial court then determined that the plaintiff suffered a permanent partial impairment of his ability to sustain gainful employment in the amount of 60% due to the accident.
On appeal, Wright asserts that the trial court erred by holding as a matter of law that he could not be totally and permanently disabled from this accident (because of a prior permanent impairment resulting from an injury in the same employment) and that the trial court erred when it failed to determine that Wright's injuries resulted in permanent total disability.
In reviewing workmen's compensation cases, this court must determine whether the correct legal conclusions have been drawn from the findings of the trial court. Ex parte Patterson,561 So.2d 236 (Ala. 1990).
The record and briefs reflect that Wright became an employee with Goodyear in 1977, and that in 1981, while so employed, he suffered an injury which required back surgery. As a result of this injury and back surgery, Wright was adjudged to have sustained a 5% permanent impairment to his earning ability. Thereafter, he returned to his employment with Goodyear, where he missed work on occasions in 1981, 1982, and 1988 because of back problems. Otherwise, he performed his job in a normal manner until this disabling injury on December 30, 1988, except for the inability to do a job assignment in May 1984 because of back trouble.
As to Wright's first issue, we find that the trial court erred in its legal conclusion drawn from the facts in this case. The prior adjudication of a 5% permanent loss of earning ability does not preclude the trial court from later finding Wright to be permanently totally disabled as a result of another injury in the same employment. See Blue Circle, Inc. v.Williams, 579 So.2d 630 (Ala.Civ.App. 1991). Section25-5-57(a)(4)g., Code 1975, specifically provides:
 "If an employee receives a permanent injury as specified in this section after having sustained another injury in the same employment, and if the previous and subsequent injuries result in permanent total disability, compensation shall be payable for permanent total disability. . . ."
Clearly, the trial court was not estopped "as a matter of law" from finding Wright to be permanently and totally disabled.
Wright next argues that the trial court erred by not making a determination that he suffered a permanent and total impairment of his ability to earn. Our standard of review is to initially look to see if there is any legal evidence to support the findings of the trial court and, if so, then to determine "whether any reasonable view of that evidence supports the trial court's judgment." Ex parte Eastwood Foods, Inc.,575 So.2d 91, 93 (Ala. 1991).
Wright was employed by Goodyear as a utility beam operator. His job duties involved manually moving large spools which weigh over 200 pounds empty and about 1500 pounds with material on them. The empty spools are pushed onto tracks so they can be put on the beamer. It was in performing this job duty that Wright incurred his back injury. At the time of his injury, Wright was 42 years old. He quit school in the tenth grade but had acquired a G.E.D. while in the military. Tests found Wright to have a low average I.Q. and to score on different subjects from a fourth-grade level to a tenth-grade level. His prior work experience all required medium to heavy level exertion. *Page 520 
The record further reflects that Wright was no longer employed at Goodyear, because of his physical disability, and that he was receiving disability benefits from Social Security. Wright testified that he was unable to obtain any type of gainful employment due to his disability. A vocational consultant testified that due to Wright's limited education, low average I.Q., work experience, medical history, and physical capabilities after the 1988 injury, Wright suffers a 100% impairment to his earning ability. Goodyear presented no evidence to contradict this testimony.
Wright's treating physician testified by deposition that Wright had a 50 to 60 percent permanent impairment to the body as a whole and that he had not returned to any type of employment. Also, Wright was restricted from any heavy lifting (no more than 20 pounds), from any climbing to higher spots, and from any work around heavy equipment due to his imbalance.
Our appellate courts have consistently held that total disability does not mean absolute helplessness or entire physical disability, but, instead, is the inability to perform one's trade or the inability to obtain gainful employment.Kline v. Combined Ins. Co. of America, 570 So.2d 1238
(Ala.Civ.App. 1990).
As previously stated, the facts in this case regarding Wright's disability and his inability to find reasonably gainful employment are undisputed. Goodyear contends that, where the trial court makes findings based on ore tenus evidence, those findings are presumed correct; however, our supreme court has held "that the ore tenus rule has no application where the facts are undisputed." Eastwood Foods at 95. After a careful review of the record, we find that a reasonable view of the undisputed evidence does not support the trial court's judgment in this case. Instead, a reasonable view of that evidence would support a judgment determining Wright to be permanently and totally disabled.
Therefore, this case is due to be reversed and remanded for a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN, J., concurs.
RUSSELL, J., dissents.