ROBERTSON, Presiding Judge.
In this workmen’s compensation case, the sole issue on appeal is whether the trial court erred in finding that Virgil Anderson was permanently and totally disabled.
Mr. Anderson filed a complaint in the Circuit Court of Jefferson County in which he alleged that in his employment with Sumiton Timber Company (employer) he suffered an injury that arose out of and in the course of his employment; that the employer had actual notice of the injuries; that he was temporarily totally disabled; that he was permanently, partially or totally disabled; that at the time of the accident his average weekly wage was $1,500; and that the employer had refused to pay him benefits under the Workmen’s Compensation Act of Alabama.
Following an ore tenus proceeding, the trial court entered an order which, in part, provided:
“[Tjhrough the efforts of his wife and son, and the loyalty of a friend whose land is being logged, the family business continues to operate and [Mr. Anderson] is regularly at the work site. He is there as therapy to himself, however, not as an employee able to work. This is at the sufferance and sometimes to the consternation of his family. Without that relationship [Mr. Anderson] would not be employable or able to keep a job if he was given one.
“1. That ... [Mr. Anderson] is 100% permanently and totally disabled as a result of an on-the-job injury he sustained on March 24, 1990, while employed by the [employer].... ”
The employer contends that, since Mr. Anderson is working at the job site on a regular basis, he is not entitled to workmen’s compensation benefits for a permanent and total disability.
It is well established that, in reviewing workmen's compensation cases, this court must first look to see if there is any legal evidence to support the findings of the trial court. If such evidence is found, then we must determine whether any reasonable view of that evidence supports the trial *55 court’s judgment. Ex parte Eastwood Foods Inc., 575 So.2d 91 (Ala.1991).
The record reflects that Mr. Anderson sustained a depressed skull fracture and damage in the left hemisphere of the brain as a result of a tree limb falling on him.
Mrs. Porsha Anderson, Mr. Anderson’s wife, testified that she is involved in the family business of logging, which entails cutting and shipping timber. She testified, inter alia, that since the injury her husband becomes very weak; that as he experiences stress he becomes sick; that he takes antidepressants; that his concentration is “slow”; that he cannot reason with anyone; and that after doing any physical labor, his speech slurs, the right side of his face becomes numb, his right arm becomes limp, and he begins dragging his right leg. She testified that, on one occasion after the injury, Mr. Anderson went into the woods during a thunderstorm and spent the night and that when she found him his speech was slurred and he was disoriented. She also testified that on some occasions Mr. Anderson would be bedridden for two to three days after working in the woods; that he experiences mood swings and crying spells; and that he tires easily.
Mr. Anderson testified that he is 50 years old; that he has been in the logging business for over 30 years; and that he desires to work, but cannot work consistently. He testified that he has operated the bulldozer and the loader, but that after-wards he feels “all burned up” and that he is unable to drive himself home. He testified that he did not complete the ninth grade and did not receive his GED.
Norma Strickland, a counselor in vocational rehabilitation, testified that she administered three different tests on Mr. Anderson which indicated that he was at a third-grade level in reading and at a fifth-grade level in arithmetic; that he has very poor hand coordination; and that he scored below the fifth percentile on a manual dexterity test. She testified that the employee has suffered a 68% loss in wage earning capacity. Ms. Strickland also, by deposition, stated that Mr. Anderson has limitations in terms of cognitive reasoning and in the area of manual dexterity, and that she would restrict the employee from those occupations requiring exposure to stressful situations. She testified that, based upon the age and educational background of Mr. Anderson, she would not recommend a vocational training program for him.
Dr. Thomas A. Novack, a clinical psychologist specializing in neuropsychology, testified that Mr. Anderson sustained a depressed skull fracture in the left hemisphere; that he has cognitive deficits attributable to the injury; that his ability to generate words is below expectation; that his ability to solve problems is impaired; and that he had a reaction resulting from the inability to perform duties he performed prior to the accident. Dr. Novack further testified that Mr. Anderson might be able to operate the equipment for a few minutes but that he cannot operate it consistently or safely. He testified that Mr. Anderson underwent surgical repair for the depressed skull fracture and that an acrylic plate was placed in his skull. Dr. Novack testified that he does not anticipate that Mr. Anderson will be able to return to the logging business in the role that he previously had or that he will be able to function in any other occupation. He testified that the difficulty with Mr. Anderson’s job performance is “not his momentary capabilities, it is the consistency with which he can perform” and that he is not a good candidate for vocational training.
Dr. William Stewart, a licensed professional counselor in vocational rehabilitation, testified that, in his opinion, Mr. Anderson is totally and permanently disabled and that he recommends a sheltered, benevolent work environment for him.
This court and our supreme court have consistently held that total disability does not mean absolute helplessness or entire physical disability, but, instead is the inability to perform one’s trade or to obtain reasonable gainful employment. Wright v. Goodyear Tire & Rubber Co., 591 So.2d 518 (Ala.Civ.App.1991); W.Y. Shugart & Sons, Inc. v. Cox, 578 So.2d 1332 (Ala.Civ.App.1991).
*56 After a careful review of the record,- we find that there is legal evidence to support the findings of the trial court and that a reasonable view of that evidence supports the trial court’s judgment.
AFFIRMED.
THIGPEN and YATES, JJ., concur.