The majority concludes that the Court of Civil Appeals erred in applying the workers' compensation standard in the present case. After reviewing the record, I believe that the *Page 1350 
Court of Civil Appeals correctly held that Roberts had suffered a total disability. This Court should follow its ruling inEx parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991), where it affirmed the judgment of the Court of Civil Appeals in a case like this one. However, the facts of Roberts's situation are much more disturbing than the facts in Eastwood. Roberts's leg amputation will restrict him from walking for longer than 20 minutes, running, carrying more than 20 pounds, and climbing. Clearly, these are the requirements of working in pulpwood and manual labor, the only occupation he has known. Total disability does not mean entire physical disability; instead, it is the inability to perform one's trade or to obtain reasonably gainful employment. Wright v. Goodyear Tire Rubber Co., 591 So.2d 518 (Ala.Civ.App. 1991).
Because no reasonable view of the facts in this case can support any conclusion other than that Roberts is totally disabled, I respectfully dissent.