YATES, Judge.
Floyd Graves sued for workmen’s compensation benefits from Dunlop Tire Corporation (Dunlop), based on an injury that occurred on September 10, 1990. Following an ore tenus proceeding, the trial court found Graves to be permanently and totally disabled and entitled to workmen’s compensation benefits. Dunlop appeals.
The trial court, in its order of November 4, 1992, made the following findings of fact and conclusions of law pertinent to this appeal:
“7. Prior to the injury that is made the subject of this case, ... the plaintiff had other injuries to his back. In 1965 while in the Army, he had surgery on his back at the L-5/S-1 level. While at Dunlop Tire Corporation, he had an injury to his low back in 1971 which resulted in surgery on his low back at L-4-5. After his surgery in 1971, he returned to work. In 1978 he had a low back surgery as a result of an on-the-job injury at Dunlop at the L-3 level. After this surgery he returned to work. In September, 1988, plaintiff also suffered an injury at the L^-5 level resulting in surgery. After that injury, he returned to work at Dunlop Tire Corporation.
“8. The law of Alabama provides that an impairment from a previous injury at the same place of employment will not preclude the trial court from finding that the injured worker is permanently and totally disabled as a result of a subsequent injury, provided the injured worker returned to work and was able to perform his job duties following recovery from the previous injury or injuries. (See, Wright v. Goodyear Tire & Rubber Company, 591 So.2d 518 (Ala.Civ.App.1991).)
“9. Plaintiff testified that, as a result of his most recent injury of September 10, 1990, he suffers severe pain in his low back when he sits or stands for short periods of time. Plaintiff is not working at the present time at Dunlop Tire Corporation and has not been employed there since 1991. Defendant has been paying to plaintiff the sum of $869.00 per week which is the applicable maximum workmen’s compensation rate per week that he can receive.
“10. Patsy V. Bramlett testified for plaintiff as a vocational expert. In her opinion, plaintiff is totally disabled and has suffered a one hundred percent (100%) decreased earning capacity as a result of his injury on September 10, 1990.
“11. Dr. Frank P. Haws, testifying by deposition, is the neurosurgeon who performed the last surgical procedure upon the plaintiff. Dr. Frank P. Haws signed a statement dated 10/15/91 indicating that plaintiff is permanently and continuously disabled. Dr. Frank P. Haws, neurosurgeon, and Dr. Richard Burnside, ortho-paedic surgeon, who participated in plaintiffs last surgery, assigned impairment ratings to Mr. Graves due to his injury of September 10, 1990. Also, these doctors placed severe restrictions on the plaintiff.
“This Court finds that the plaintiff is permanently and totally disabled in accordance with the provisions of the Workmen’s Compensation Act of the State of Alabama, as amended, as a result of his injury on September 10, 1990.”
Evidence contained in the record supports the trial court’s finding that Graves was permanently and totally disabled following his September 1990 injury. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991). The primary issue before this court concerns Graves’s preexisting injuries. Dunlop contends that the trial court failed to consider Ala.Code 1975, §§ 25-5-57(a)(4)e. and 25-5-58, in regard to Graves’s preexisting back problems, when it awarded benefits for a permanent and total disability. Those sections provide:
§ 25-5-57(a)(4)e.:
“e. Second Permanent Injuries Generally. — If an employee has a permanent disability or has previously sustained another injury than that in which the employee received a subsequent permanent injury by accident, as is specified in this section defining permanent injury, the employee shall be entitled to compensation only for *68 the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not existed.”
“§ 25-5-58. Effect of preexisting injuries or infirmities.
“If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
Paragraphs seven and eight of the trial court’s “Findings of Fact and Conclusions of Law” are supported by the record and specifically address Graves’s pre-existing condition, noting that Graves had returned to work following each previous injury. Having considered the attendant presumptions that accompany a judgment based on ore tenus evidence, and the deference afforded the trial court under the standard of Eastwood Foods, supra, we cannot say that the trial court failed to properly consider the statutes.
Further, our Supreme Court stated in Ex parte Veazey, 637 So.2d 1348 (Ala.1993), “Where one reasonable view of the evidence supports the trial court’s judgment, the judgment must be upheld, even if another, perhaps better reasoned, view of the evidence might have dictated a different outcome.” That court added, “[0]nly where no reasonable view of the evidence would support the trial court’s judgment should the judgment be disturbed.” 637 So.2d at 1349.
The trial court addressed Graves’s preexisting injuries and went on to specify the evidence it considered in determining that Graves’s disability resulted from the 1990 injury. Based on our standard of review, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.